[Filed October 27, 1890.]

## F. G. HICKLIN, RESPONDENT, *v.* PATRICK McCLEAR, APPELLANT.

EXCUSABLE NEGLECT—WHAT NOT.—The neglect of a party or his attorneys, under the facts as presented by this record, to inform himself of the recitals in a deed of conveyance by which he claims title and which he offers in evidence, is not such "excusable neglect" as would warrant the court in the exercise of the discretion conferred on it to open a judgment under section 2, Hill's Ann. Code. To justify the interference in any such case, an abuse of discretion must be shown.

APPEAL from Multnomah county: E. D. SHATTUCK, judge.

This is an appeal from an order of the circuit court refusing to relieve the defendant and appellant from payment of a judgment recovered of him by the plaintiff and respondent, wherein respondent was adjudged to be the owner of certain real property in controversy in an action of ejectment, brought by respondent against the appellant to recover certain town lots, etc. The cause was heard by the court by consent without a jury, and thereafter made and filed findings of fact and conclusions of law, from

which a judgment was rendered in favor of plaintiff declaring him to be the owner of said property and entitled to the possession of the same, and from which judgment the defendant then appealed to this court, where said judgment was affirmed. Thereafter, and within one year, the defendant filed a petition in the circuit court asking to be relieved from said judgment, for the reason that the same was obtained through the mistake, inadvertence, surprise and excusable neglect of the petitioner and his attorneys. The petition upon due notice given was heard by the court, considered and denied, and thereupon made and filed the findings of fact and conclusions of law upon which judgment was rendered thereon and from which the defendant appeals to this court.

*Henry Wagner* and *J. R. Stoddard,* for Defendant and Appellant.

*John H. Hall,* for Plaintiff and Respondent.

LORD, J., delivered the opinion of the court.

The mistake or excusable neglect alleged was an omission on the part of counsel for the defendant to ask the lower court to pass upon an exception in a certain one of the deeds offered by them and received in evidence to establish the title of the defendant.

It is claimed by reason of this omission on their part that the defendant was deprived by the judgment in ejectment of his one-fourth interest in the lots, which otherwise would have been excluded from such judgment. The excuse for this omission is that the record of title involved in the action of ejectment was voluminous and complicated, and the exception in the deed referred to overlooked by them, and hence included in the judgment for the whole title rendered in that action. Under the Code, the court may, in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment or order, or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect. Hill's Code,

§ 102.   The court below found: ''That on the said trial the attorneys for the defendant did not claim or pretend that the plaintiff did not take by his deeds aforesaid (if he took any interest whatever) the whole estate and every part thereof in said lots, and did not claim nor pretend to claim that the chain of title which plaintiff Hicklin relied upon failed to convey the one-fourth interest referred to in the petition, if any interest was conveyed thereby.'' And further: ''That the attorneys for Hicklin, in a written brief, briefly discussed the effect and operation of the exception in the above-mentioned deed, etc., but inasmuch as the attorneys for the defendant did not specifically claim that the plaintiff could not take under the deeds which he introduced more than a three-fourth interest, the court did not consider the point suggested by the brief of the plaintiff Hicklin's attorney and did not pretend to construe the said exception in the deed of April 13, 1860, and assumed that the recital of lots and blocks sold by Love & Tibbets prior to April 16, 1858, was true, and that block three was one of those so sold.''   And as a conclusion of law found that the matter and things alleged and found did not constitute such surprise, inadvertence or excusable neglect on the part of the defendant McClear and his attorneys as would authorize the court to grant the prayer of the petitioner, and dismissed the petition.   It will be noted that the deeds of the record were open to the inspection and in the possession of the defendant and his attorneys, and that the matter involved in the action was of that character which required that they should examine, ascertain and know the rights of the defendant in the premises under the deeds and in the action.   More, that the attorneys for the plaintiff, in a written brief, discussed the operation and effect of the exception in the deed referred to, presumably claiming then, as now, that such exception did not exclude the right of the plaintiff to the whole title, including the one-fourth interest, thus specifically attracting the attention of the attorneys for the defendant to the exception and the construction and effect

claimed by them to be given to it; yet despite all this, no attention was paid to the exception by the attorneys for the petitioner, nor any claim whatever made, that the plaintiff did not take the interest now involved and sought to be excepted from the operation of the judgment. It would seem then that the attorneys for the defendant not only neglected or omitted to examine and acquaint themselves with the contents of the deed offered in evidence by them, and in support of their title, but also, when their attention was invited to a brief discussion of the exception, they either disregarded it, or considered it of too little importance to require an answer, or to require the court to pass upon it. Under these circumstances, it is difficult to plant this case upon any tenable ground within the purview of the section of the Code cited. While these statutes are to be regarded as "remedial in their character and intended to furnish a simple, speedy and efficient means of relief in a worthy class of cases," they are not intended "to allow a party once having an ample opportunity to present his defense, or cause of action, to re-present it at some future time with such other features as a more mature reflection should happen to suggest." Freeman on Judgments, §§ 106, 111.

It is true that some few cases may be found which seem to inpinge the principle of the absolute verity of judgments and open them for purposes of doubtful legal propriety. In *Levy* v. *Joyse*, 1 Bos. 624, a judgment was opened so as to permit a defendant to make certain proof which by mistake he had neglected to offer, a conclusion that the court could not forbear saying, had not been reached "without some hesitation." But the case at bar goes further, and invokes a relaxation of the principle which demands the exercise of reasonable diligence and vigilance in the conduct of an action or defense.

It asks us to say that the neglect of a defendant or his attorneys under the circumstances indicated, to inform himself of the recitals in a deed by which he asserts or claims title, and which he offers in evidence, is such

neglect as is "excusable" within the purview of the statute, and that the refusal of the court thus to consider it was a gross abuse of the discretion confided to it.    To avoid further comment, it is enough to say that we have been unable to find a case, nor have we been referred to any, which would warrant the lower court in the exercise of the discretion conferred upon it to vacate a judgment upon the facts as found and presented by this record, much less to justify us in interfering with its discretion when exercised, except a strong case of abuse is shown.

The judgment must be affirmed.