IN BANC.
This matter comes here upon appeal from an order of the Circuit Court overruling a motion to open up a default judgment and decree.
The facts, briefly, are as follows: On February 23, 1921, defendant R.E. Weant executed a chattel mortgage in favor of the First National Bank of Vale, Oregon, to secure the payment of a note for $4,000. The mortgage was upon personal property described as 50 steers, branded with an inverted "U" on the left shoulder; 50 cows, branded with an inverted "U" on the left shoulder; 10 work horses, similarly branded, and 25 tons of hay; the hay and the horses not being involved in the present litigation. The First National Bank of Vale transferred the note, together with the security, to the plaintiff immediately after its execution. The plaintiff is still the owner and holder of the note and mortgage. On November 3, 1922, plaintiff began suit for foreclosure, including as a defendant C.W. Nelson, the appellant here, and setting up that Nelson had a mortgage dated March 6, 1919, executed by the defendant Weant, which Nelson claimed was a lien upon the property described, but which plaintiff claimed had been partly or wholly paid off. Plaintiff asked that an accounting might be had upon the amount due on the Nelson mortgage, and that the balance be applied upon plaintiff's mortgage.
Summonses were served upon Weant and Nelson on November 3, 1922, but no appearance was made by either of them. Some time subsequent to these proceedings, the date not being shown in the abstract, Weant became a voluntary bankrupt. Both parties appeared before the trustee in bankruptcy, at Vale, and made proof of their claims and, in addition, entered *Page 3 
into a stipulation, signed by the agent of the plaintiff and Nelson, that the referee might sell 44 head of mixed cattle taken possession of by the trustee of said bankrupt's estate, which was done, and the net proceeds of the sale, after deducting expenses, are still held by the trustee.
No answer ever having been filed, or appearance entered in the suit by the defendant, the plaintiff, on February 26, 1924, asked for a default and a decree that its mortgage and judgment be a lien upon the proceeds of the sale of the 44 head of mixed cattle sold by the referee. The court, after hearing testimony introduced by plaintiff, rendered a decree to that effect, but provided that no execution should issue to enforce the same, but that plaintiff should submit this decree to the bankruptcy court for such disposition as therein might be found proper; the effect of the decree in form and in fact being simply to establish the superiority of plaintiff's lien, and to bar Weant and Nelson from any claim upon the property in controversy.
It might be added here that the chattel mortgage to Nelson, heretofore referred to, described the property mentioned as "one hundred head of mixed cattle, branded ( ), under sloped ears."
Two days after the default and decree were entered herein defendant Nelson appeared and asked to have the same set aside by reason of the alleged fact that, upon the filing of the claim with the trustee in bankruptcy and the stipulation entered into between himself and plaintiff's agent, he was under the belief that proceedings were thereby stayed, and that nothing could be or would be done in the Circuit Court with reference to the foreclosure of the chattel mortgage, but that the same would be wholly *Page 4 
subject to the disposal of the United States court in bankruptcy, and not otherwise; and that the stipulation signed by him for the sale of the property, and waiver, induced such belief; that it was mutually understood between him and the plaintiff's agent that they were to wait until the closing of the bankrupt's estate to have the question of the priority of the mortgages of himself and plaintiff settled and adjudicated, and that he believed that this suit would not be further prosecuted, owing to the facts herein stated; that, acting upon that belief, he did not enter his appearance in the suit, but was waiting for the final settlement of the bankrupt's estate before proceeding further in the matter. At the same time he submitted an answer, constituting in form a sufficient defense, and praying for a final adjudication.
REVERSED.
We are of the opinion that plaintiff had a right to proceed with its foreclosure to the extent of having the priority of the liens adjudicated, and that neither the stipulation nor the assignment in bankruptcy had the effect of ousting the jurisdiction of the Circuit Court. But the circumstances shown here clearly indicate to us that the defendant Nelson acted under the belief that the proceedings in bankruptcy had terminated plaintiff's right to proceed; and probably under the belief, also, that he had an understanding with plaintiff's agent to the effect that no foreclosure would take place *Page 5 
until the settlement of the estate in bankruptcy, or in the course of that settlement. The delay of plaintiff in taking its decree would rather seem to indicate that neither party, at the time the stipulation and waiver in regard to the sale of the 44 head of cattle was signed, expected to press the proceedings for foreclosure. It will be noticed that the summonses in that suit were served on November 3, 1922, and no default was asked until February 21, 1924, and no decree was entered up until the 25th of the same month.
It seems very plain to our mind that defendant suffered a default in this case through misapprehension as to the law and as to his rights in the matter, and that he made such a showing that a reasonable exercise of the court's discretion would have caused it to open up the decree and set aside the default which had been entered only two or three days previously.
The order of the court refusing to open up the default is set aside, and the decree is also set aside, and defendant will be permitted to answer herein; the cost in this proceeding to abide the final decree of the Circuit Court.
REVERSED AND DECREE SET ASIDE. *Page 6