Argued January 4, affirmed January 24, 1968

HAWORTH, *Appellant, v.* RUCKMAN ET AL, *Respondents.*

436 P. 2d 733

*George M. Joseph,* Portland, argued the cause for appellant. With him on the brief were Morrison & Bailey, and Tom P. Price, Portland, and Husband & Johnson and William F. Frye, Eugene.

*Richard Bryson,* Eugene, argued the cause for respondents. With him on the brief were Calkins & Bryson, Eugene.

Before PERRY, Chief Justice, and McALLISTER, O'CONNELL, DENECKE and LANGTRY, Justices.

LANGTRY, J. (Pro Tempore).

Plaintiff appeals from the trial court's directed verdict based upon defendant's motion and contention that this personal injury action is barred by the statute of limitations.

The injury occurred on June 6, 1962, and this action was commenced on January 12, 1966. The action would be barred by the two-year tort statute of limitations (ORS 12.110(1)) unless it is saved by ORS 12.220.

Plaintiff started his first action on October 16, 1963, and took a voluntary nonsuit before trial on January 12, 1965.

ORS 12.220 provides:

"* * * [I]f an action is commenced within the time prescribed therefor and the action is dismissed upon the trial thereof * * * after the time limited for bringing a new action, the plaintiff * * * may commence a new action upon such cause of action within one year after the dismissal * * *."

A plaintiff may take a voluntary nonsuit as a matter of right before the start of the trial of the

cause. After the start of the trial on the facts granting of a nonsuit on plaintiff's motion is discretionary with the trial court. ORS 18.230(1). Any such nonsuit is a dismissal in the context of ORS 12.220. *Quick v. Andresen,* 238 Or 433, 395 P2d 154 (1964).

Federal District Judge Kilkenny, in *Warn v. Brooks-Scanlon, Inc.,* 256 F Supp 690 (D Or 1966), Aff'd 374 F2d 893 (9th Cir 1967), a similar case, held that:

"The only reasonable construction which can be placed on ORS 12.220, is one which permits a plaintiff an additional one year's time only when the nonsuit (dismissal) is granted after the commencement of a trial on an issue of fact."

█ We agree. The nonsuit in the first case here admittedly was taken voluntarily before any trial on an issue of fact; hence, ORS 12.220 did not save the cause of action from the general limitation of two years under ORS 12.110(1). The defendant in this case saved his claim of bar by limitation with a timely demurrer and a motion for nonsuit at the end of plaintiff's case which were denied. He then prevailed on his motion for directed verdict.

The judgment is affirmed.