Argued November 2, affirmed December 5, 1978

VANDERMEER, *Appellant,*
*v.*
PACIFIC NORTHWEST DEVELOPMENT
CORPORATION, *Respondent.*
(No. A7702 01583, SC 25579)
587 P2d 98

John Toran, Jr., of Toran and Radich, Portland, argued the cause and filed the brief for appellant.

Carrell F. Bradley, of Schwenn, Bradley & Batchelor, Hillsboro, argued the cause for respondent. On the brief was Todd A. Bradley, Hillsboro.

Before Denecke, Chief Justice, and Tongue, Howell and Bryson, Justices.

Affirmed.

**PER CURIAM.**

The only issue is whether this action was brought within the statute of limitations.

The alleged tort of false arrest occurred in August 1973. An action was filed, plaintiff recovered a verdict, defendant appealed and on February 12, 1976, this court reversed and remanded for a new trial. *Vandermeer v. Pacific Northwest Develop.,* 274 Or 221, 545 P2d 868 (1976). On November 30, 1976, when the case came on for a new trial, before commencement of the trial, the plaintiff took a voluntary nonsuit. On February 1, 1977, plaintiff refiled and defendant filed a motion for summary judgment on the ground that the statute of limitations barred the action. The trial court granted the motion, plaintiff appeals, and we affirm.

Plaintiff relies upon ORS 12.220 which provides:

> "Except as otherwise provided in ORS 72.7250, if an action is commenced within the time prescribed therefor and the action is dismissed upon the trial thereof, or upon appeal, after the time limited for bringing a new action the plaintiff, or if he dies and any cause of action in his favor survives, his heirs or personal representatives, may commence a new action upon such cause of action within one year after the dismissal or reversal on appeal; however, all defenses that would have been available against the action, if brought within the time limited for the bringing of the action, shall be available against the new action when brought under this section."

Plaintiff contends that the February 1, 1977, filing was within one year after the reversal on appeal. The statute in one part states, "and the action is dismissed upon the trial thereof, or upon appeal * * *," and in another place, that the action may be filed within one year "after the dismissal or reversal on appeal."

The "reversal" as used in ORS 12.220, "is one which finally disposes of the action beyond repair, as to that action. A reversal for new trial is not within the purview of that section of the statute." *Anderson v. Maloney,* 111 Or 84, 90, 225 P 318 (1924).

[ 519 ]

■ Plaintiff also contends that the February 1, 1977, filing was timely because it was filed within one year of the dismissal accomplished by the granting of a voluntary nonsuit on November 30, 1976. A voluntary nonsuit granted before the commencement of trial is not a dismissal within the meaning of ORS 12.220. *Haworth v. Ruckman,* 249 Or 28, 436 P2d 733 (1968).

Affirmed.