Argued and submitted September 11, 2000, order of Court of Appeals reversed
May 9, 2002

Terry B. McCARTHY,
*Petitioner on Review,*

*v.*

OREGON FREEZE DRY, INC.,
an Oregon corporation,
*Respondent on Review.*

(CC 93-0020; CA A87840; SC S46603)

46 P3d 721

William G. Wheatley, Jaqua & Wheatley, P.C., Eugene, argued the cause for petitioner on review. With him on the briefs was Nickolas Facaros, Facaros Dugan Rosas, Eugene.

William F. Gary, Harrang Long Gary Rudnick, P.C., Eugene, argued the cause and filed the brief for respondent on review. With him on the briefs were Judith Giers, Karla Alderman, and Brendan C. Dunn, Eugene.

Before Carson, Chief Justice, and Gillette, Durham, Leeson, and Riggs, Justices.**

DURHAM, J.

** Van Hoomissen, J., retired December 31, 2000, and did not participate in the decision of this case. Kulongoski, J., resigned June 14, 2001, and did not participate in the decision of this case. De Muniz and Balmer, JJ., did not participate in the consideration or decision of this case.

## DURHAM, J.

The issue on review in this case is whether the Court of Appeals erred in awarding attorney fees on appeal to defendant. The Court of Appeals awarded attorney fees, because that court determined that plaintiff's arguments on appeal were frivolous, unreasonable, or without foundation. We disagree with that determination and reverse the order.

Plaintiff brought an action against defendant for, among other things, an unlawful employment practice. Plaintiff alleged that defendant had discriminated against plaintiff for filing a claim for workers' compensation. Under the applicable statute, the prevailing party in such an action was entitled to recover attorney fees at trial and on appeal. *Former* ORS 659.121(1) (1995), *repealed by* Or Laws 2001, ch 621, § 90,[1] provided, in part:

> "In any suit brought under this subsection, the court may allow the prevailing party costs and reasonable attorney fees at trial and on appeal."

Before trial, plaintiff filed a notice of voluntary dismissal under ORCP 54 A(1),[2] and the trial court entered a judgment of dismissal. Plaintiff later filed a motion under ORS 12.220 and ORCP 71 B(1)[3] to set aside the dismissal and

---

[1] In 2001, the legislature enacted a new provision allowing the prevailing party in an unlawful discrimination case to recover attorney fees. ORS 659A.885 (authorizing attorney fee award).

[2] ORCP 54 A(1) provides:

"Subject to the provisions of Rule 32 D and of any statute of this state, an action may be dismissed by the plaintiff without order of court (a) by filing a notice of dismissal with the court and serving such notice on the defendant not less than five days prior to the day of trial if no counterclaim has been pleaded, or (b) by filing a stipulation of dismissal signed by all adverse parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action against the same parties on or including the same claim unless the court directs that the dismissal shall be without prejudice. Upon notice of dismissal or stipulation under this subsection, the court shall enter a judgment of dismissal."

[3] ORS 12.220 provides:

"Except as otherwise provided in ORS 72.7250, if an action is commenced within the time prescribed therefor and the action is dismissed upon the trial thereof, or upon appeal, after the time limited for bringing new action, the

reinstate the action. Plaintiff also filed an amended complaint that restated the claim for an unlawful employment practice. The trial court denied the motion. The court concluded that the judgment of dismissal had resulted from a mistake by plaintiff's lawyer, but that the mistake was not excusable.

Plaintiff appealed from the trial court's order refusing to set aside the judgment of dismissal. The Court of Appeals affirmed, and this court denied review. *McCarthy v. Oregon Freeze Dry, Inc.*, 142 Or App 595, 922 P2d 729, *rev den* 324 Or 322, 972 P2d 598 (1996).

Defendant then petitioned the Court of Appeals for attorney fees on appeal, arguing that defendant was the prevailing party and that plaintiff's appeal was frivolous. The Court of Appeals awarded attorney fees to defendant, in the sum of $12,000, and plaintiff petitioned for review. This court vacated the award and remanded the matter to the Court of Appeals for an explanation of the facts and legal criteria that justified the award. *McCarthy v. Oregon Freeze Dry, Inc.*, 327

---

plaintiff, or if the plaintiff dies and any cause of action in the favor of the plaintiff survives, the heirs or personal representatives of the plaintiff, may commence a new action upon such cause of action within one year after the dismissal or reversal on appeal; however, all defenses that would have been available against the action, if brought within the time limited for the bringing of the action, shall be available against the new action when brought under this section."

ORCP 71 B(1) provides:

"By motion. On motion and upon such terms as are just, the court may relieve a party or such party's legal representative from a judgment for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect; (b) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 64 F; (c) fraud, misrepresentation, or other misconduct of an adverse party; (d) the judgment is void; or (e) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application. A motion for reasons (a), (b), and (c) shall be accompanied by a pleading or motion under Rule 21 A which contains an assertion of a claim or defense. The motion shall be made within a reasonable time, and for reasons (a), (b), and (c) not more than one year after receipt of notice by the moving party of the judgment. A copy of a motion filed within one year after the entry of the judgment shall be served on all parties as provided in Rule 9 B, and all other motions filed under this rule shall be served as provided in Rule 7. A motion under this section does not affect the finality of a judgment or suspend its operation."

Or 84, 957 P2d 1200, *on recons* 327 Or 185, 957 P2d 1207 (1998).

On remand, the Court of Appeals noted that it had discretion to award attorney fees on appeal under *former* ORS 659.121(1) (1995). *McCarthy v. Oregon Freeze Dry, Inc.*, 158 Or App 654, 657, 976 P2d 566 (1999). The court explained that it would exercise that discretion in accordance with the rule acknowledged in the line of cases culminating with *Schlumberger Technologies, Inc. v. Tri-Met*, 145 Or App 12, 21 n 9, 929 P2d 331 (1996), *modified on other grounds* 149 Or App 316, 942 P2d 862 (1997), and it rejected "defendant's invitation to nullify the line of cases." *McCarthy*, 158 Or App at 656-57. However, the Court of Appeals accepted

> "defendant's contention that plaintiff's arguments in favor of the motion to set aside were frivolous, unreasonable, or without foundation. * * *
>
> "* * * Beginning in *Dobie v. Liberty Homes*, 53 Or App 366, 632 P2d 449 (1981), we have held that the court may award a defendant attorney fees under [*former* ORS 659.121(1)] only when the 'plaintiff's claim was frivolous, unreasonable, or without foundation.' *Id.* at 373-74 (relying on *Christianburg Garment Co. v. EEOC*, 434 US 412, 98 S Ct 694, 54 L Ed 2d 648 (1978)). *See also Schlumberger Technologies*, 145 Or App at 21 n 9; *Robinson v. School District No. 1*, 92 Or App 627, 632, 759 P2d 1116 (1988); *Payne v. American-Strevell, Inc.*, 65 Or App 265, 268, 670 P2d 1065 (1983)."

*McCarthy*, 158 Or App at 657. The Court of Appeals concluded that, like plaintiff's argument in the trial court,

> "plaintiff's argument on appeal that the trial court abused its discretion in denying that motion [to set aside the judgment of dismissal under ORCP 71 B] was frivolous, unreasonable, or without foundation, because it, too, lacked any legal basis."

*Id.* at 658-59.

The Court of Appeals explained why plaintiff's argument on appeal "lacked any legal basis" as follows:

> "The decision to set aside or not set aside a judgment based on mistake, inadvertence, surprise, or excusable

neglect is committed to the sound discretion of the trial court, but that discretion is controlled by certain fixed legal principles. *Financial Indemnity v. Howser*, 38 Or App 369, 371-72, 590 P2d 276 (1979). For at least a century, the general rule has been that the professional mistakes, negligence, or inadvertence of an attorney do not constitute the 'mistakes, inadvertence, surprise, or inexcusable [*sic*] neglect' necessary to set aside a judgment. *Longyear, Admx. v. Edwards*, 217 Or 314, 319-20, 342 P2d 762 (1959) (failure of attorneys to file an appearance); *Carlson v. Bankers Discount Corp. et al*, 107 Or 686, 695, 215 P 986 (1923) (failure of attorney to file an answer); *Hicklin v. McClear*, 19 Or 508, 510-11, 24 P 992 (1890) (failure of attorneys to inform themselves of content of deed); *O. R. & N. Co. v. Gates et al*, 10 Or 514, 518 (1883) (party seeking to set aside a judgment for mistake in failing to raise a particular legal argument must show that his or her failure to make that argument is *not* due to his or her own negligence or want of diligence)."

*McCarthy*, 158 Or App at 658 (emphasis in original).

■ On review, plaintiff argues that the Court of Appeals misapplied the *Schlumberger* rule. Plaintiff contends that, under the *Schlumberger* rule, a defendant is entitled to an award of attorney fees only if the court concludes that the plaintiff's *claim, i.e., the claim of discrimination,* is frivolous, unreasonable, or without foundation. Plaintiff draws our attention to the repeated references to the plaintiff's "claim" in *Schlumberger*, and other related cases, as the proper focus of the attorney fees inquiry in this context.[4] According to plaintiff, the Court of Appeals evaded the *Schlumberger* rule by focusing on the relative merits of plaintiff's argument on appeal regarding the trial court's refusal to set aside the judgment of dismissal and failed to inquire, let alone decide, whether defendant's petition for attorney fees demonstrated

---

[4] The following passage from *Dobie v. Liberty Homes* illustrates plaintiff's point:

"We conclude the reasoning of the Supreme Court regarding guidelines for awarding attorney fees is applicable in construing the attorney fee provision of our statute. We hold that a prevailing defendant in an action pursuant to ORS 659.415 is entitled to an award of attorney fees *only if the claim is brought in bad faith, is unreasonable or groundless or if plaintiff persists in litigating the claim after it becomes evident the claim is unreasonable or unfounded.*"

53 Or App at 373-74 (emphasis added).

that plaintiff's *claim of discrimination* was frivolous, unreasonable, or without foundation.

■ *Former* ORS 659.121(1) (1995), quoted above, is the source of the Court of Appeals' authority to award attorney fees on appeal in this case. The word "may" in that statute signifies that the legislature has granted discretion to that court to award attorney fees on appeal, including to a prevailing defendant. The Court of Appeals has made it clear that the standard expressed in *Schlumberger* describes the manner in which that court will exercise its discretion in this context. *McCarthy*, 158 Or App at 657.

The source of the *Schlumberger* "frivolous, unreasonable, or without foundation" standard is the United States Supreme Court decision in *Christiansburg Garment Co.* In *Christiansburg*, the Equal Employment Opportunity Commission (EEOC), acting in its own name, filed a claim against Christiansburg Garment Co., contending that the company had discriminated against an employee, Rosa Helm, on the basis of her race. The district court dismissed the action, concluding that the pertinent amended federal statute authorized the EEOC to sue in its own name to prosecute only those charges "pending" with the EEOC on the effective date of the statutory amendment, and Helm's charge was not pending with the EEOC when the EEOC filed its action. The district court granted summary judgment to the employer, but declined to award prevailing party attorney fees, reasoning that the EEOC's action in bringing the lawsuit was not unreasonable or meritless. 434 US at 414-15.

On appeal, the parties made almost diametrically opposing arguments. The employer argued that the statute required the court to award attorney fees to a prevailing defendant unless special circumstances would render such an award unjust. The EEOC argued that the court should award attorney fees only if the court found that the EEOC had brought the action in bad faith. *Id.* at 417-18.

The Supreme Court rejected both of those positions. Instead, the Court adopted an intermediate standard that granted discretion to the trial court to award attorney fees to a prevailing defendant if the plaintiff's action was frivolous,

unreasonable, or without foundation, even if it was not filed in bad faith. *Id.* at 421. The Court emphasized that, in applying those criteria, the trial court should not conclude, from the fact that the plaintiff did not prevail, that the plaintiff had filed or continued the litigation frivolously, unreasonably, or without foundation. *Id.* at 421-22. The Court acknowledged that a party might have a reasonable basis for bringing an action, even if the law or the facts appear questionable or unfavorable at the outset. *Id.* at 422. Finally, the Court recognized that decisive facts may emerge, or the law may change or clarify, during discovery or trial, and that those considerations would guide the trial court in determining whether the plaintiff's litigation either was frivolous from the outset or became frivolous at a later time:

> "Hence, a plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so."

434 US at 421. The standard for awarding attorney fees to a prevailing defendant that the Court of Appeals applied in *Schlumberger* is indistinguishable in substance from the *Christiansburg* standard.

This court, citing *Christiansburg*, has used the word "meritless" to describe a plaintiff's legal position that warrants an award of attorney fees to a defendant under another discretionary attorney fee statute, *former* ORS 20.105(1) (1989), *amended by* Or Laws 1995, ch 618, § 2. In *Mattiza v. Foster*, 311 Or 1, 8, 803 P2d 723 (1990), this court stated:

> "[W]e conclude that, for purposes of ORS 20.105(1), a claim, defense, or ground for appeal or review is meritless when it is entirely devoid of legal or factual [footnote 10] support at the time it was made [footnote 11]. [Citation omitted.] A failure to prevail does not, alone, render a party's position meritless or even suggest that it is. *See Christianburg*, [434 US at 421] * * * ('[T]he term "meritless" is to be understood as meaning groundless or without foundation, rather than simply that the plaintiff has ultimately lost his case.')."

*Id.* Footnote 10 in *Mattiza* provides:

> "The definition of meritlessness is purposely stated in the disjunctive. Because there often may be no clear distinction between factual and legal support, we use the disjunctive to mean that a position is meritless if it is not supported by the law *as applied to the facts.* For example, an airtight legal theory combined with no support on the facts of the case at hand indicates a meritless position."

*Id.* at 8 n 10 (emphasis in original). Footnote 11 provides:

> "A claim that acknowledges the clearly contrary state of current law, but which argues for a change, may be 'meritless.' However, as discussed in the text below, unless this type of claim is made with an improper purpose, a court could not award attorney fees under ORS 20.105(1) to a party against whom that claim was made. Thus, there is no 'chilling effect' on a good faith argument for a change in the law."

*Id.* at 8 n 11. Like *Christiansburg*, *Mattiza* supports the view that a plaintiff's legal position, although reasonable at the commencement of a case, might become meritless if the plaintiff continues to litigate, including on appeal, after it is clear that the plaintiff's legal position no longer has any arguable support in the law as applied to the facts. The concept of "meritlessness," as discussed in *Mattiza*, leaves ample room for pursuit of reasonable arguments about the facts and the law as applied to the facts, including reasonable arguments for a change in the law.

Returning to plaintiff's argument, we think that the authorities cited above demonstrate that plaintiff reads too narrowly the references to the term "claim" in the pertinent case law. The source of that standard, *Christiansburg*, explained that a claim of discrimination that appears to be meritorious at the outset might become meritless when adverse and decisive facts emerge during litigation. *Christiansburg* said nothing that limits the inquiry regarding meritlessness to only the merits of the claim of discrimination. To the contrary, the circumstances present in

*Christiansburg* demonstrate that either procedural or substantive developments during litigation may render meritless a claim that previously appeared to be valid. For example, the employer's successful defense in *Christiansburg* concerned the procedural question of the EEOC's statutory authority to sue in its own name, not a substantive attack of the factual accuracy of the claim of discrimination. *Christiansburg*, 434 US at 414. If the Court had intended to confine the issue of meritlessness to the factual merits of the underlying claim, as plaintiff contends, it would have said so. It did not.

*Mattiza* is to the same effect. *Mattiza* observed that a claim, defense, or ground for appeal or review is meritless when it is entirely devoid of legal or factual support when it was made. *Mattiza*, 311 Or at 8. The court explained that disjunctive definition at footnote 10, quoted above, and emphasized that "there often may be no clear distinction between factual and legal support * * *." *Mattiza*, 311 Or at 8 n 10. Nothing in that analysis of the concept of meritlessness confines the court's inquiry to the factual merits of the underlying claim of discrimination. Thus, a purely procedural defense, such as the assertion that the claim was filed untimely under the applicable statute of limitations, is sufficient to establish not only that the plaintiff cannot prevail, but also to establish, upon an adequate showing, that the claim, when it was made, was devoid of support in the law as applied to the facts—*i.e.*, it was meritless.

The foregoing discussion leads us to conclude that the Court of Appeals invoked the correct standard for deciding whether plaintiff's position on appeal was meritless. That standard did not confine the court's analysis to the factual merits of plaintiff's claim of discrimination. We next address plaintiff's argument that his ground for appeal was not devoid of legal or factual support when it was made and, thus, that it was not meritless.

■ The Court of Appeals concluded that plaintiff's argument on appeal was frivolous, unreasonable, or without foundation because it "lacked any legal basis." *McCarthy*, 158 Or App at 659. The Court of Appeals' opinion, when read in context, demonstrates that, in the court's view, an argument

that lacks any legal basis is something more than an argument that is simply erroneous.

■ The terms "frivolous," "unreasonable," and "without foundation" are disjunctive standards, not synonyms, and might apply differently in different contexts. They are, however, familiar legal concepts, and, in the context of an award of attorney fees against a plaintiff for pursuing an appeal, they establish a common requirement. A court correctly characterizes a party's appeal as frivolous, unreasonable, or without foundation when a reasonable lawyer would know that each of the arguments on appeal is not well grounded in fact or is not warranted either by existing law or by a reasonable argument for the extension, modification, or reversal of existing law. *See Westfall v. Rust International*, 314 Or 553, 559, 840 P2d 700 (1992) (stating and applying that standard under *former* ORS 656.390, which authorized sanctions for pursuit of frivolous appeal). Therefore, the issue before the court is whether every argument made in support of plaintiff's appeal was not well founded in fact or was not warranted either by existing law or by a reasonable argument for the extension, modification, or reversal of existing law.

After plaintiff filed this action, plaintiff's counsel advised plaintiff that ORS 12.220 entitled him to dismiss the action and to refile it within one year of the dismissal. Plaintiff's counsel apparently believed that the expiration of the applicable one-year period of limitations, *former* ORS 659.121(3) (1995), would not pose a problem if plaintiff, relying on ORS 12.220, refiled the action within one year after dismissal. Plaintiff's counsel relied on the following passage in *Tikka v. Martin*, 271 Or 287, 292, 532 P2d 18 (1975), in giving that advice:

> "We think ORS 12.220 does not help plaintiffs. As this court held in *White v. Pacific Tel. & Tel. Co.*, 168 Or 371, 123 P2d 193 (1942), and *Wolfe Investments v. Shroyer*, 249 Or 23, 436 P2d 554 (1968), that statute 'gives additional limited time where an action is dismissed that has not been heard on its merits and its statutory limitation has expired after the initial filing.' 249 Or at 25. ORS 12.220 does not apply to an action which has been dismissed after a trial upon the merits. We quote from *White v. Pacific Tel. & Tel. Co.*, supra, as follows:

> " 'That section [ORS 12.220] applies only when an action has been commenced within the time prescribed by the statute and has been dismissed without a trial upon the merits, *such as in a case when judgment of nonsuit is given*, or when an action is dismissed for want of prosecution or for want of jurisdiction, and the like, and it has no application to a judgment entered after a trial upon the merits.' "

(Emphasis added.) Relying on his lawyer's advice, plaintiff voluntarily dismissed the action, and the court entered a judgment of dismissal.

Later, plaintiff's counsel discovered other authority that cast doubt on his earlier reliance on ORS 12.220 and *Tikka.* For example, this court held in *Vandermeer v. Pacific Northwest Dev. Corp.*, 284 Or 517, 587 P2d 98 (1978), and *Haworth v. Ruckman*, 249 Or 28, 436 P2d 733 (1968), that a voluntary nonsuit granted before the commencement of trial is not a "dismissal" within the meaning of ORS 12.220 and does not save the underlying claim from the possible expiration of the pertinent statute of limitations. Plaintiff filed a motion under ORCP 71 B(1) to set aside the judgment of dismissal and to reinstate the action. The motion asserted that the judgment of dismissal had resulted from mistake, inadvertence, surprise, or excusable neglect.

Before the trial court, plaintiff's counsel argued that his reliance on the reference to "nonsuit" in *White*, which *Tikka* had quoted, was reasonable and that that passage, and other legal authorities, led him to believe that, under ORS 12.220, plaintiff could dismiss the action voluntarily and commence it again within one year. Defendant contended that the facts stated in the motion amounted to only inexcusable mistake or neglect, that Oregon law was clear that plaintiff could not rely on ORS 12.220 to justify a voluntary dismissal and refiling of the complaint, and that the authorities on which plaintiff's counsel relied reflected incomplete legal research.

The trial court denied plaintiff's motion to set aside the judgment and, in a letter opinion, explained the ruling:

> "[T]he plaintiff filed a motion to set aside the Judgment of Dismissal and allow the filing of an amended complaint.

*The court finds that the judgment resulted from a mistake; it was not excusable*; and the motion to set aside was filed in reasonable time. The mistake was not excusable because it bore on an issue of terminal importance to the case and could have been avoided by merely shepardizing the case relied upon by counsel in dismissing the case. Shepardizing a case of great significance does not constitute such a burden in time or expense as to be unreasonable in these circumstances."

(Emphasis added.)

Plaintiff appealed, arguing that the trial court abused its discretion in declining to set aside the judgment of dismissal. Among other arguments,[5] plaintiff asserted that, even if plaintiff's counsel committed a legal error in concluding that ORS 12.220 entitled plaintiff to refile a dismissed action, certain Oregon case law entitled a party to relief from a judgment of dismissal for a legal error. Additionally, plaintiff argued that plaintiff was free of negligence and not culpable for any legal error committed by his attorney, and that certain Oregon case law entitled an innocent party in plaintiff's position to seek relief from a judgment of dismissal.

We acknowledge at the outset that this case does not require the court to decide whether those arguments legally are correct. Instead, we must determine only whether a lawyer acts reasonably in presenting them on appeal.

The Court of Appeals based its decision on a "general rule" that we set out again for ease of reference:

"For at least a century, the general rule has been that the professional mistakes, negligence, or inadvertence of an attorney do not constitute the 'mistakes, inadvertence, surprise, or inexcusable neglect' necessary to set aside a judgment."

*McCarthy*, 158 Or App at 658. The court cited four cases in support of that statement: *Longyear, Admx. v. Edwards*, 217 Or 314, 319-20, 342 P2d 762 (1959); *Carlson v. Bankers Discount Corp. et al*, 107 Or 686, 695, 215 P 986 (1923);

_____

[5] For example, plaintiff argued that the trial court erred by adding a modifier, "excusable," to the term "mistake" in ORCP 71 B(1) and that the rule uses the term "mistake" with no modifier.

*Hicklin v. McClear*, 19 Or 508, 510-11, 24 P 992 (1890); and *O.R. & N. Co. v. Gates et al*, 10 Or 514, 518 (1883).

None of those cases recites or supports the rule announced by the Court of Appeals. Instead, for example, *Longyear* states the following:

> " 'Ordinarily a party will not be relieved from a judgment or decree taken against him through the mistake, negligence or inadvertence of his attorney, unless the act or omission of the attorney was such, that had it been committed or omitted by the party himself, he would be entitled to a vacation of the judgment or decree: * * *.' "

217 Or at 319 (quoting *Carlson*, 107 Or at 695).

*Longyear* and *Carlson* require judicial examination of "the act or omission of [the] attorney" to determine whether it is the kind of mistake, negligence, or inadvertence that would require vacation of the judgment. *Carlson* also requires a separate inquiry into the client's conduct in the circumstances:

> "In order for a client to obtain relief from a judgment or decree taken against him through the negligence of his attorney, the client must be free from fault and must clear himself of the imputation of want of due diligence or of indifference to his own rights [citation omitted]."

107 Or at 697.

The court in *Longyear, Carlson, Hicklin,* and *O.R. & N. Co.* conducted the required examination of the circumstances surrounding both the underlying mistake and the client's conduct in response. In *Longyear, Carlson,* and *Hicklin,* the court concluded that the facts in the record disclosed a variety of careless acts by the lawyer or the client that attended the entry of the adverse judgment. Additionally, *Longyear* and *Carlson* separately evaluated the steps that the client had taken to rectify the problem after notice and concluded that the lawyers' negligence, and the clients' failure to react with due diligence after notice of the problem, together justified the trial courts' refusal to vacate the judgments. *See Longyear,* 217 Or at 320 (noting that the plaintiff did not do anything to assure that counsel was taking action on her case for over three years, despite fact that record of

dismissal was available to the plaintiff during that time); *Carlson*, 107 Or at 696-98 (noting that the defendant repeatedly was given notice that counsel was failing to comply with filing requirements, but the defendant continued to rely on counsel's assertions that he had taken care of problem). However, in *O.R. & N. Co.*, the court, applying similar principles, enjoined execution of a judgment on a showing that the judgment had been based on inadvertence or mistake by the client's agent, and the client had acted promptly to seek relief from the judgment on receiving notice of the mistake. *See O.R. & N.*, 10 Or at 518 (concluding that it would be inequitable to enforce judgment based on timber inspector's mistake).

Plaintiff cited several cases in which Oregon courts have granted relief under ORCP 71 B(1) or its statutory predecessor, *former* ORS 18.160, *repealed by* Or Laws 1981, chapter 898, section 53, for a lawyer's factual or legal errors, or a combination of both. In *Newbern v. Gas-Ice Corporation*, 263 Or 250, 501 P2d 1294 (1972), the defendant filed a motion for judgment on the pleadings. One of the plaintiff's lawyers advised the court that the plaintiff did not contest the motion. The trial court granted the motion and entered judgment on the pleadings. Within a few weeks, the plaintiff's lawyer filed a motion to set aside the judgment on the pleadings, because the plaintiff's counsel mistakenly had believed that the motion pertained to a different action between the same parties. The lawyer argued that his error amounted to mistake and inadvertence. The trial court granted the motion and set aside the judgment, and, after a trial, entered judgment for the plaintiff. On appeal, the defendant argued that the lawyer's error did not amount to mistake, inadvertence, surprise, or excusable neglect of the type that ORS 18.160 contemplates and that the trial court had abused its discretion in setting aside the judgment on the pleadings.

This court stated:

"While that mistake may not have been of the usual type of 'mistake, inadvertence, surprise or excusable neglect' contemplated by ORS 18.160, we hold that the trial judge could properly find that it came within the terms of that statute."

*Id.* at 254. The court concluded that the trial court had not abused its discretion in allowing the motion to set aside the judgment on the pleadings. *Id. Newbern* does not require relief under ORS 18.160 in all cases involving a lawyer's professional error, but does support plaintiff's contention that, in some circumstances, a lawyer's professional error may justify relief from a judgment.

In *Federal Reserve Bank of S.F. v. Weant,* 113 Or 1, 231 P 134 (1924), the trial court entered a default and decree that foreclosed a claim against certain property by the defendant, Nelson. Nelson requested relief from the decree, arguing that he was under a mistaken belief that a separate proceeding in bankruptcy had terminated his right to proceed in court. The trial court refused to relieve Nelson from the decree, but this court reversed, concluding that the trial court had abused its discretion:

> "It seems very plain to our mind that defendant suffered a default in this case through *misapprehension as to the law and as to his rights in the matter,* and that he made such a showing that a reasonable exercise of the court's discretion would have caused it to open up the decree and set aside the default which had been entered only two or three days previously."

113 Or at 5 (emphasis added).

In this case, plaintiff's counsel argued that his oversight regarding his client's legal right to refile the action was similar to Nelson's misapprehension of law in *Federal Reserve Bank* and the lawyer's mistaken representation to the court regarding the client's legal position in *Newbern.* Plaintiff's counsel also argued that the court must take into account the fault of the client, and not only that of the lawyer, and that his client was free from any fault.

In our view, the arguments that plaintiff's counsel submitted on appeal did not lack a legal basis. His mistake of law was sufficiently similar to the legal error at issue in *Federal Reserve Bank,* to make it reasonable to rely on that case, in which this court concluded that the trial court's refusal to grant relief from the default amounted to an abuse of discretion. Reduced to its essence, plaintiff's counsel's argument on appeal asked the Court of Appeals to apply to

this case the rationale and result followed by this court in *Federal Reserve Bank.*

In summary, plaintiff asserted a tenable position on appeal—whether legally correct or not—that the trial court had abused its discretion in declining to relieve plaintiff of the consequences of the error of plaintiff's lawyer. That argument finds at least some support in this court's case law and, therefore, was warranted by existing law or, certainly, by a reasonable argument for the extension of existing law. Consequently, plaintiff's argument on appeal was not frivolous, unreasonable, or without foundation.

The order of the Court of Appeals is reversed.