IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

SCOTT EICHORN,                          )
                                        )
          Plaintiff,                    )   TC-MD 210323R
                                        )
     v.                                 )   **SUPPLELENTAL DECISION**
                                        )   **ALLOWING COSTS AND**
YAMHILL COUNTY ASSESSOR,                )   **DISBURSEMENTS AND DENYING**
                                        )   **PLAINTIFF'S REQUEST FOR**
          Defendant.                    )   **ATTORNEY'S FEES**

     Plaintiff appealed Defendant's Notice of Disqualification from Forestland Special

Assessment dated May 6, 2021.  A trial was held on April 14, 2022.  On September 30, 2022, the

court entered its Decision finding "Defendant is estopped from disqualifying the subject property

from forestland special assessment and from imposing additional back taxes."  (Dec. at 12.)  On

October 14, 2022, Plaintiff filed a request for attorney's fees pursuant to Tax Court Rule-

Magistrate Division (TCR-MD) 21 and ORS 20.105(1).[1]  Plaintiff asserts that Defendant's

defense lacked an objectively reasonable basis.  Plaintiff also requested oral argument on the

motion.[2]  On October 21, 2022, Defendant filed an Objection to Plaintiff's request.  On October

26, 2022, Plaintiff's filed a reply.

## I.  STATEMENT OF FACTS

A.    *Request for Costs and Disbursements*

     Although Plaintiff's motion is captioned as a "Request for and Statement of Attorney's

fees under TCR-MD 21 and ORS 20.105(1)" the motion and accompanying documentation

substantively asks for two different things: (1) a request for costs and disbursements pursuant to

---

[1] All references to the Oregon Revised Statutes (ORS) are to the 2021 edition unless otherwise noted.

[2] The court declines to hold oral argument on the motion.  TCR-MD 7 F.

ORS 305.490(3) and TCR-MD 16; and (2) an award of attorney's fees pursuant to ORS 20.105(1) and TCR-MD 21. The rules and standards for the requests are different and thus must be addressed separately.

Magistrates have discretionary authority to award a prevailing parties' costs and disbursements "as in equity suits in the circuit court." ORS 305.490(3); *Wihtol v. Dept. of Rev.*, 21 OTR 260, 267-68 (2013). TCR 68 A(2) provides for an award of "costs and disbursement" which are defined as "reasonable and necessary expenses incurred in the prosecution or defense of an action other than for legal services, and include the fees of officers; the statutory fees for witnesses; *** the necessary expense of copying of any public record, book, or document used as evidence in the trial; *** and any other expense specifically allowed by agreement, by these rules, by TCR 68 A(2), or by other rule or statute."

Defendant did not file an objection to Plaintiff's request for costs and disbursements. The court finds that Plaintiff is the prevailing party in this appeal and their request for $281 for the filing fee and $18.71 for postage were reasonable and necessary expenses. Thus, Plaintiff's request is allowed.

B.      *Plaintiff's request for attorney's fees*

Generally, Oregon courts follow the "American rule" and will not award attorney fees absent authorization by statute or contract. *Mattiza v. Foster*, 311 Or 1, 4, 803 P2d 723, 725 (1990). ORS 20.105 authorizes an award of attorney fees in "the magistrate division of the Oregon Tax Court" when a party asserts a claim for which there is no objectively reasonable basis. Plaintiff requests attorney fees arguing that Defendant's "actions [ ] were devoid of any factual or legal support." (Mot at 2.)

/ / /

ORS 20.105(1) states:

> "In any civil action, suit or other proceeding in a circuit court or in the regular division or the magistrate division of the Oregon Tax Court, or in any civil appeal to or review by the Court of Appeals or Supreme Court, the court shall award reasonable attorney fees to a party against whom a claim, defense or ground for appeal or review is asserted, if that party is a prevailing party in the proceeding and to be paid by the party asserting the claim, defense or ground, upon a finding by the court that the party willfully disobeyed a court order or that there was no objectively reasonable basis for asserting the claim, defense or ground for appeal."

## II. ANALYSIS

This court has determined that "a claim lacks an 'objectively reasonable basis' when it is 'entirely devoid of legal or factual support.'" *Patton II v. Dept. of Rev.* (*Patton II*), 18 OTR 256, 259 (2005) (citations omitted). The applicable standard is whether "a reasonable lawyer would know that each of the arguments on appeal is not well grounded in fact or is not warranted either by existing law or by a reasonable argument for the extension, modification, or reversal of existing law." *Id.,* at 261, citing *McCarthy v. Oregon Freeze Dry, Inc.,* 334 Or 77, 87, 46 P3d 721 (2002). "A nonprevailing party may completely avoid an award of attorney fees if, throughout the proceedings, even one claim, defense, or ground for appeal is warranted either by existing law or by a reasonable argument for the extension, modification, or reversal of existing law." *Id.* at 262, citing *Seely v. Hanson,* 317 Or 476, 484, 857 P.2d 121 (1993). In *Detrick v. Dept. of Rev.*, 311 Or. 152, 157, 806 P.2d 682 (1991) the Supreme Court stated: "By 'entirely devoid of factual or legal support,' we mean this: As to factual support, no evidence is offered that, if believed, would support a finding and a resulting judgment for the taxpayer in the Tax Court. As to legal support, there is no law—case law, statute, rule or regulation—that supports the taxpayer's claim to relief in the Tax Court." (Citing *Mattiza*).

/ / /

In reviewing the totality of the case, the court does not find Defendant's defense in this case to be devoid of legal support. First, as the original decision noted, claims of estoppel against a taxing entity are extremely rare. Plaintiff was by no means assured of success at the commencement of this case. Second, the parties did not present, and court could not find any prior clear unequivocal case precedent. In its decision, this court distinguished the recent magistrate decision in *Bailey v. Josephine County Assessor*, TC-MD 200321N, WL 1884930 (Or Tax M Div, May 11, 2021) which was decided on facts similar to the instant case. Clearly, Defendant had the right to make zoning changes and there was nothing legally improper by the passage of county zoning Ordinance 814, which resulted in a disqualification of the property from forestland special assessment. While the Regular Division's decision in *Angel v. Dept. of Rev.*, 21 OTR 444 (2014) strongly suggested the outcome in this case, the underlying decision expands the *Angel* ruling by holding that counties cannot use zoning alone to override a state regulatory scheme regarding disqualification of properties under special assessment. The court agrees with Plaintiff that Defendant knew all of the relevant facts from the start of this case, but there was no guarantee on the outcome.

This court is well positioned to know when a legal theory is essentially frivolous. To paraphrase the late Supreme Court Justice Stewart, the court knows a frivolous case when it sees it. The court finds that this is not such a case. For the foregoing reasons, Plaintiff's request for attorney fees under ORS 20.105 are denied.

## III. CONCLUSION

Upon careful consideration, the court concludes that Plaintiff is entitled to costs and disbursements as the prevailing party but is not entitled to attorney's fees. Now, therefore,

/ / /

IT IS THE DECISION OF THIS COURT that Plaintiff's motion for costs and disbursements in the sum of $299.71 is granted.

IT IS FURTHER DECIDED that Plaintiff's request for attorney's fees is denied.

_____

*If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of this Decision or this Decision cannot be changed.  TCR-MD 19 B.*

*This document was signed by Magistrate Richard Davis and entered on December 5, 2022.*