IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

| | | |
|---|---|---|
| MICHELLE MARIE DESJARDIN, | ) | |
| | ) | |
| Plaintiff, | ) | TC-MD 220354R |
| v. | ) | |
| | ) | |
| DEPARTMENT OF REVENUE, | ) | |
| State of Oregon, | ) | |
| | ) | |
| Defendant. | ) | **DECISION** |

Plaintiff appealed Defendant's Notice of Proposed Refund Adjustment dated September 15, 2020, on the basis that Plaintiff's request to apply an overpayment from the 2015 tax year to the 2016 tax year was untimely. The parties filed cross-motions for summary judgment. On November 29, 2023, the court entered an order, incorporated herein by this reference, granting Plaintiff's Motion for Summary Judgment and denying Defendant's Cross Motion for Summary Judgment.

On December 12, 2023, Plaintiff filed a Motion for Supplemental Judgment for Attorney Fees and Costs (motion for attorney fees and costs) alleging ORS 305.490, Tax Court Rule (TCR) 68, ORS 20.105(1), Tax Court Rule-Magistrate Division (TCR-MD) 21, and TCR-MD 16 as the basis for fees and costs. Plaintiff asserts that Defendant's defense lacked an objectively reasonable basis. Plaintiff also requests costs in the amount of her $50 court filing fee. (Ptf's Stmt for Atty Fees and Costs at 5.)

On January 12, 2024, Defendant filed its Response to Plaintiff's Request for an Award of Attorney Fees and Costs (Defendant's response), asserting that Defendant neither "willfully disobeyed a court order or asserted a claim or defense or ground for appeal that lacked an objectively reasonable basis." (Def's Resp at 2.) On February 2, 2024, Plaintiff filed her

Response to Defendant's Objection to Plaintiff's Statement for Attorney Fees and Costs that further delineates the attorney fee factors enumerated in ORS 20.075.[1]

A.      *Request for Costs and Disbursements*

Plaintiff's motion asks for two different things: (1) an award of costs pursuant to ORS 305.490 and TCR-MD 16, and (2) an award of attorney's fees pursuant to ORS 305.490, ORS 20.105(1), TCR 68, and TCR-MD 21.  The rules and standards for the requests are different and thus must be addressed separately.

Magistrates have discretionary authority to award a prevailing parties' costs and disbursements "as in equity suits in the circuit court."  ORS 305.490(3);[2] *Wihtol I v. Dept. of Rev.*, 21 OTR 260, 267-68 (2013).  TCR-MD 16 provides for an award of "costs and disbursements," which are defined as:

> "reasonable and necessary expenses incurred in the prosecution or defense of an action other than for legal services, and include the filing fee; the statutory fees for witnesses; the necessary expense of copying of any public record, book, or document used as evidence in the trial; and any other expense specifically allowed by agreement, by these rules, by TCR 68 A(2), or by other rule or statute."

Plaintiff seeks only the filing fee, $50, as a cost.  The court finds that Plaintiff is the prevailing party in this appeal and the request for an award of $50 for her filing fee is appropriate.

B.      *Plaintiff's Request for Attorney Fees*

Plaintiff relies on alternate theories in support of her request for an award of attorney fees.  The court analyzes the theories separately.

---

[1] On February 13, 2024, Defendant moved for leave to file a surreply to Plaintiff's Response to Defendant's Objection so Defendant could "demonstrate that ORS 305.490(4)(a)(A) and ORS 20.075 are not applicable to this case."  Plaintiff filed an objection.  The court denies Defendant's motion because the extended deadlines for briefing on Plaintiff's request for attorney fees and costs and disbursements have already passed and the court had taken the matter under advisement.

[2] All references to the Oregon Revised Statutes (ORS) are to the 2021 edition unless otherwise noted.

1. *ORS 305.490 and TCR 68*

Generally, Oregon courts follow the American rule and "will not award attorney fees to the prevailing party absent authorization of statute or contract." *Mattiza v. Foster*, 311 Or 1, 4, 803 P2d 723 (1990). The Tax Court has held a similar outlook on awarding attorney fees. *Wihtol I*, 21 OTR at 263.

ORS 305.490(4) codifies instances where the court may award attorney fees and expenses to a prevailing taxpayer in a proceeding in the court's Regular Division:

> (a) If, in any proceeding **before the tax court judge** involving taxes upon or measured by net income and arising under any law administered by the Department of Revenue and in which an individual taxpayer is a party, or involving inheritance or estate taxes, or involving transit taxes imposed on net earnings from self-employment, the court grants a refund claimed by the executor or taxpayer or denies in part or wholly an additional assessment of taxes claimed by the department to be due from the estate or taxpayer, the court may allow the taxpayer, in addition to costs and disbursements, the following:
> (A) Reasonable attorney fees for the proceeding under this subsection **and for the prior proceeding in the matter, if any, before the magistrate**; and
> (B) Reasonable expenses as determined by the court. Expenses include accountant fees and fees of other experts incurred by the executor or individual taxpayer in preparing for and conducting the proceeding before the tax court judge and the prior proceeding in the matter, if any, before the magistrate.
> (b) Payment of attorney fees or reasonable expenses under this subsection shall be made by the department in the manner provided by ORS 305.790.

(Emphasis added.)

The statutory scheme for the Oregon Tax Court frequently uses the general term "the tax court," which the court has held applies to both divisions of the court. *Wihtol I*, 21 OTR at 264-265. However, where statutes refer to "the tax court judge" as seen above, the court has held those provisions only apply to the Regular Division of this court. *Id.* at 267.[3] The Legislature's

---

[3] Cf *Ferment Brewing Company, LLC v Hood River County Assessor*, 2023 WL 9012081, (Or Tax M Div, Dec 27, 2023) (finding magistrates have the authority to award attorney's fees as sanctions pursuant to TCR 46 when the court had already ordered the parties to follow the Regular Division discovery rules, TCR 36-46).

intention in this regard is reinforced by the reference in ORS 305.490(4)(a) and its subsections, which allow "the tax court judge" to award attorney fees incurred in the Magistrate Division. ORS 305.490(4)(a)(A). The court concludes that the Magistrate Division, which is not presided by "the tax court judge," does not have general authority to grant attorney fees to a prevailing party pursuant to ORS 305.490 and TCR 68.

Furthermore, Plaintiff's request, if granted, would represent bad public policy. The Magistrate Division was created as an informal and less expensive process to resolve disputes between taxpayers and the government without the need for legal counsel. *See generally Lauer v. Grant County Assessor*, TC-MD 200253N, 2021 WL 365836 *2-3 (Or Tax M Div, Feb 3, 2021) (summarizing the statutory context indicating that the legislature did not intend for magistrates to award attorney fees in typical cases). Allowing awards of attorney fees to a prevailing party pursuant to ORS 305.490 would undermine the design of the Magistrate Division. Imagine the chilling effect on undertaking an appeal if a typical taxpayer had to consider the risk of being ordered to pay the attorney fees for a county or the Department of Revenue should the taxpayer not prevail on their appeal. Thus, for reasons of statutory interpretation and sound policy, Plaintiff's request for attorney fees pursuant to ORS 305.490 must be denied.

2. *Attorney Fees pursuant to TCR-MD 21 B and ORS 20.105(1)*

Unlike ORS 305.490, ORS 20.105 specifically authorizes an award of attorney fees in the Magistrate Division when a party asserts a claim for which there is no objectively reasonable basis. TCR-MD 21 B specifically references ORS 20.105 when it sets out the procedure for a prevailing party to request attorney fees. ORS 21.105(1) states:

> "In any civil action, suit or other proceeding in a circuit court or in the regular division or the magistrate division of the Oregon Tax Court, or in any civil appeal

to or review by the Court of Appeals or Supreme Court, the court shall award reasonable attorney fees to a party against whom a claim, defense or ground for appeal or review is asserted, if that party is a prevailing party in the proceeding and to be paid by the party asserting the claim, defense or ground, upon a finding by the court that the party willfully disobeyed a court order or that there was no objectively reasonable basis for asserting the claim, defense or ground for appeal."

This court has determined that "a claim lacks an 'objectively reasonable basis' when it is 'entirely devoid of legal or factual support.'" *Patton II v. Dept. of Rev.* (*Patton II*), 18 OTR 256, 259 (2005) (citations omitted). The applicable standard is whether "a reasonable lawyer would know that each of the arguments on appeal is not well grounded in fact or is not warranted either by existing law or by a reasonable argument for the extension, modification, or reversal of existing law." *Id.,* at 261, citing *McCarthy v. Oregon Freeze Dry, Inc.,* 334 Or 77, 87, 46 P3d 721 (2002). "A nonprevailing party may completely avoid an award of attorney fees if, throughout the proceedings, even one claim, defense, or ground for appeal is warranted either by existing law or by a reasonable argument for the extension, modification, or reversal of existing law." *Id.* at 262, citing *Seely v. Hanson,* 317 Or 476, 484, 857 P2d 121 (1993). In *Detrick v. Department of Revenue*, 311 Or 152, 157, 806 P2d 682 (1991), the Oregon Supreme Court stated:

> "By 'entirely devoid of factual or legal support,' we mean this: As to factual support, no evidence is offered that, if believed, would support a finding and a resulting judgment for the taxpayer in the Tax Court. As to legal support, there is no law—case law, statute, rule or regulation—that supports the taxpayer's claim to relief in the Tax Court."

(Citing *Mattiza).*

Plaintiff alleges that "Defendant asserted a claim or defense without an objectively reasonable basis" due to Defendant's refusal to settle and because Defendant indicated it was not planning on producing medical evidence at trial. The problem with Plaintiff's argument is that

the leading federal cases have denied taxpayers relief without the taxing agency submitting direct medical evidence; the courts did this by discrediting the proffered medical certification and offsetting the medical evidence with evidence of the taxpayer's capacity to perform financial responsibilities during the period of disability. *See Rosner v. U.S.*, 2018-2 US Tax Cas ¶ 50329 at *7 (SDNY 2018) (rejecting the argument that compliance with Revenue Procedure 99-21's prerequisites affirmatively establishes financial disability); *Estate of Rubinstein v. U.S.*, 96 Fed Cl 640, 2011-1, 654, US Tax Cas ¶ 50197 (2011) (same); *Haller v. Comm'r.,* 100 TCM (CCH) 9 (TC 2010) (rejecting a doctor's financial disability certification as hearsay and insufficient to meet the burden of proof of IRC section 6511(h), while also noting taxpayers were able to earn significant wage income and care for their children during period of disability); *cf Lieberman v. Department of Revenue*, TC-MD 040902A, 2005 WL 1432441 (Or Tax M Div, May 19, 2005) (finding financial disability where the taxing agency challenged neither the conclusion nor the qualifications of the doctor providing certification). Plaintiff acknowledged the adverse federal decisions during oral argument but did not cite them or seek to distinguish any of those cases in Plaintiff's briefs. Defendant could in good faith rely upon those cases. Plaintiff prevailed in this case only because this court distinguished the federal cases that had allowed evidence of a taxpayer's ability to perform certain tasks as a balance against a medical certification of financial disability.

Unfortunately, Plaintiff's lengthy response to Defendant's objection, which provides additional detail for the factors contained in ORS 20.075, directed its focus on the wrong portion of the attorney fee analysis. It is axiomatic that before a court need review those factors, it must first find that a party is both statutorily and factually entitled to attorney fees. Plaintiff's assertions that Defendant lacked a good faith basis for its position is not well-taken given the

federal case law providing ample colorable support for Defendant's position. Therefore, Plaintiff's request for attorney fees under ORS 20.105 is denied. Now, therefore,

IT IS THE DECISION OF THIS COURT that Defendant's Motion for Surreply is denied.

IT IS FURTHER DECIDED that Plaintiff's request to have her 2015 refund applied to the 2016 tax year is granted.

IT IS FURTHER DECIDED that Plaintiff is the prevailing party to the appeal and Defendant must reimburse Plaintiff's filing fee cost in the amount of $50.

IT IS FURTHER DECIDED that Plaintiff's request for attorney fees is denied.

Dated this _____ day of February 2024.


_____
RICHARD DAVIS
MAGISTRATE

*If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of this Decision or this Decision cannot be changed. TCR-MD 19 B.*

*This document was signed by Magistrate Richard Davis and entered on February 23, 2024.*