# IN THE OREGON TAX COURT
# REGULAR DIVISION

Lowell E. PATTON,
*Plaintiff,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant.*

(TC 4621)

Joseph Wetzel, Wetzel DeFrang & Sandor, Portland, filed the motion and argued the cause for Plaintiff (taxpayer).

Wendy Sanderson, Assistant Attorney General, Department of Justice, Salem, filed the Motion for Reconsideration and Melisse Cunningham, Assistant Attorney General, Department of Justice, Salem, filed a supplemental brief and argued the cause for Defendant (the department).

Motions for Reconsideration decided April 21, 2005.

**HENRY C. BREITHAUPT, Judge.**

## I. INTRODUCTION

This matter comes before the court on motions for reconsideration filed by Plaintiff (taxpayer) and Defendant Department of Revenue (the department). The parties request that the court revisit its earlier order in this case. *Patton I v. Dept. of Rev.*, 18 OTR 111 (2004). The department argues that, although the court was correct to award attorney fees in this case, the court should not have indicated that it would consider the decision of the magistrate in determining whether to award attorney fees under ORS 20.105.[1] The department also argues that, because the court concluded that taxpayer's claims lacked an objectively reasonable basis, the court must also award the department damages under ORS 305.437. Taxpayer contends that basic fairness requires that he be on notice of the department's request for damages. Taxpayer also contends that, in any event and as to the claim for attorney fees under ORS 20.105, his claims did not lack an objectively reasonable basis.

## II. ISSUES

A. What is the standard for determining whether to award attorney fees under ORS 20.105?

---

[1] All references to the Oregon Revised Statutes (ORS) are to the 2003 edition unless otherwise noted.

B. Do any other reasons exist to prevent this court from considering the decision of the magistrate?

C. Is the department entitled to attorney fees?

D. Is the department entitled to damages under ORS 305.437?

## III. ANALYSIS

A. *Determining Whether to Award Attorney Fees Under ORS 20.105*

### 1. *Timing of Determination*

■ In *Patton I* this court stated that it agrees with the approach taken by the Oregon Court of Appeals in *Dimeo v. Gesik*, 195 Or App 362, 98 P3d 397 (2004) (*Dimeo I*). Since this court rendered its opinion in *Patton I*, the Court of Appeals reconsidered its reasoning in *Dimeo I*. *Dimeo v. Gesik*, 197 Or App 560, 106 P3d 697 (2005) (*Dimeo II*). In *Dimeo II* the Court of Appeals expanded on its rationale for evaluating whether a party's claim lacks an objectively reasonable basis. That court stated that "a party has a continuing duty to evaluate its position throughout the course of litigation. It is possible that a claim that was objectively reasonable when asserted may become unreasonable when viewed in light of additional evidence or changes in the law." *Id.* at 562. *Dimeo I* and *Dimeo II*, therefore, provide the proper temporal focus to determine whether a party's claims are objectively reasonable; *i.e.*, when the claim is filed and then on an ongoing basis. Those cases do not provide, however, a complete discussion as to how a court should make its objective reasonableness determination.

### 2. *Substantive Matters*

■ Under ORS 20.105, the court must award attorney fees to a prevailing party when the court determines that the nonprevailing party's claims, defenses, or grounds for appeal lack an "objectively reasonable basis." As noted in *Patton I*, this court understands that a claim lacks an "objectively reasonable basis" when it is "entirely devoid of legal or factual support." *Patton I*, 18 OTR at 126 (citing *Dimeo I*, 195 Or App at 371) (internal quotations omitted). The department

asserts that the "entirely devoid of legal or factual support" standard is a wholly objective one that this court may and should make without reference to the magistrate's decision. The taxpayer contends, however, that this court may and should consider his subjective state of mind and not award fees if he made "good faith" arguments. Whereas the department errs in advocating a wholly objective standard, taxpayer errs in relying on a wholly subjective one.[2] Again, one must recall that the standard is "objectively reasonable," not merely "objective" nor merely "reasonable."[3]

The language "entirely devoid of legal or factual support" is derived from the Oregon Supreme Court's definition of "meritless" in *Mattiza v. Foster*, 311 Or 1, 8, 803 P2d 723 (1990). In *Mattiza*, the Supreme Court used that language in support of its position that a "meritlessness" determination could properly be made without reference to the nonprevailing party's subjective intent, an inquiry which was properly left to the bad faith inquiry under the former version of ORS 20.105.[4] *Id.* (citing *Zaldivar v. City of Los Angeles*, 780 F2d 823, 830 (9th Cir 1986) ("[T]he subjective intent of the pleader or movant to file a meritorious document is of no moment.")). The Court went on to quote *Christianburg Garment Co. v. EEOC*, 434 US 412, 421, 98 S Ct 694, 54 L Ed 2d 648 (1978), however, for the proposition that "the term 'meritless' is to be understood as meaning groundless or without foundation, rather than simply that the plaintiff has ultimately lost his case." *Mattiza*, 311 Or at 8.

■■ More recently,[5] the Oregon Supreme Court indicated that "unreasonable" positions and those "without foundation" have a "common requirement":

---

[2] Taxpayer's position that this court should consider his subjective good faith is clearly erroneous in light of the legislative history of ORS 20.105, particularly the elimination of a bad faith requirement by the legislature. Or Laws 1995, ch 618, § 2. What the taxpayer knew or should have known is important, however, in considering whether the taxpayer acted in a "reasonable" manner.

[3] The court understands taxpayer's contention to consider taxpayer's subjective intent or good faith in testing "reasonableness."

[4] In *Mattiza*, the Oregon Supreme Court was interpreting a prior version of ORS 20.105 that was materially different than the current version. In particular, the former version was a discretionary statute that required, among other things, a finding of bad faith. The current statute is mandatory and does not require the court to make a finding of bad faith.

[5] And more importantly, because the legislature amended ORS 20.105 in 1995 to remove the bad faith requirement. Or Laws 1995, ch 618, § 2.

"A court correctly characterizes a party's appeal as frivolous, unreasonable, or without foundation when a reasonable lawyer would know that each of the arguments on appeal is not well grounded in fact or is not warranted either by existing law or by a reasonable argument for the extension, modification, or reversal of existing law."

*McCarthy v. Oregon Freeze Dry, Inc.*, 334 Or 77, 87, 46 P3d 721 (2002).[6] In *McCarthy*, the court linked the objective "entirely devoid of legal or factual support" standard with a consideration of whether the nonprevailing party acted in a "reasonable" manner. This court understands a reasonableness inquiry to include all the facts, circumstances, and law that a party and/or its counsel knew or reasonably should have known. The court uses all such considerations to assess whether a nonprevailing party's claims, defenses, or grounds for appeal were "objectively reasonable"; *i.e.*, whether a reasonable party or attorney would have known that they were "entirely devoid of legal or factual support" at the time they were made or at any time thereafter. One of those facts or circumstances at the time the appeal is filed in the Regular Division of this court is the decision of the magistrate and what it states on its face.[7]

■ Although the question of what a reasonable attorney[8] knew or should have known could, theoretically, be

---

[6] The *McCarthy* decision discussed a discretionary award of attorney fees under *former* ORS 659.121(1) (1995) but appears to be authoritative for purposes of analyzing ORS 20.105. In the decision, however, the Oregon Supreme Court relies heavily on its decision in *Mattiza* and its discussion in that case of "meritlessness." In particular, the court stated that "[t]he concept of 'meritlessness,' as discussed in *Mattiza*, leaves ample room for pursuit of reasonable arguments about the facts and the law as applied to the facts, including arguments for a change in the law. *McCarthy*, 334 Or at 84-85.

[7] The department argues that the court must only consider the record as developed by the parties in the Regular Division. Implicit in that argument is an assertion that this court went impermissibly beyond the record and inquired into matters before the magistrate that were not expressly stated in the magistrate's decision. Cognizant of that implication, the court stated at the oral argument on these motions, and restates now, that it only considered the decision that was attached to taxpayer's complaint and the journal entry that the decision incorporated by reference. The court did not and will not go beyond the record developed in this division. That record may involve, in certain circumstances, evidence regarding prior events or proceedings. Apart from its argument about the record, the department does not assert that the court may not look at the magistrate decision document that is attached to the complaint.

[8] In this case, taxpayer was represented and no distinction was drawn between what taxpayer and his attorney knew or should have known throughout the

approached in some cases in a vacuum, the focus is both more realistic and sharpened when the court considers what the attorney had before him in the form of the decision of a magistrate.[9] Essentially, the magistrate's decision acts as a baseline against which to operate in determining what a reasonable attorney knew or should have known at the time the complaint was filed. From that baseline, the court may more easily determine if a reasonable attorney "would know that each of the arguments on appeal is not well grounded in fact or is not warranted either by existing law or by a reasonable argument for the extension, modification, or reversal of existing law." *McCarthy*, 334 Or at 87. In addition, reference to the decision of the magistrate may benefit a nonprevailing party in situations in which the magistrate was in error, in a way harmless to the outcome, or confused and the appeal was taken in the context of that fact. *See Masse II v. Dept. of Rev.*, 18 OTR 240, 252 (2005).

### 3. *"Entirety" Test*

■ ■ A further point to note in this discussion is the requirement of *Mattiza* that the nonprevailing party's claims, defenses, or grounds for appeal must be *"entirely devoid of legal or factual support."* 311 Or at 8 (emphasis added). A nonprevailing party may completely avoid an award of attorney fees if, throughout the proceedings, even one claim, defense, or ground for appeal is warranted either by existing law or by a reasonable argument for the extension, modification, or reversal of existing law. *See Seely v. Hanson*, 317 Or 476, 484, 857 P2d 121 (1993).

### 4. *Conclusion*

The court draws three conclusions regarding whether to award attorney fees pursuant to ORS 20.105. First, in order to determine whether a party represented by

---

proceedings; therefore, the court need not address whether a difference in knowledge between a taxpayer and that taxpayer's counsel might result in a different outcome under ORS 20.105. If a taxpayer appears *pro se,* the inquiry will be what such a person knew or should have known in light of all the facts and circumstances. For application of these rules to a *pro se* taxpayer see *Masse II v. Dept. of Rev.*, 18 OTR 240, 250 (2005).

[9] This is not to say that the decision that the attorney had was actually correct. It is well to remember, however, that the matters discussed here can only arise when a taxpayer has twice failed to prevail.

counsel acted in an objectively reasonable manner, the court will consider whether a "reasonable lawyer would know that each of the arguments on appeal is not well grounded in fact or is not warranted either by existing law or by a reasonable argument for the extension, modification, or reversal of existing law." *McCarthy*, 334 Or at 87. Second, the court will make that determination—whether "the party's position is 'entirely devoid of legal or factual support' "—at the time the complaint was filed and on an ongoing basis thereafter. *Dimeo I*, 195 Or App at 371 (quoting *Mattiza*, 311 Or at 8). *See also Dimeo II*, 197 Or App at 698. Finally, the court will not award attorney fees in any situation in which the nonprevailing taxpayer has advanced, throughout the proceedings, at least one objectively reasonable claim, defense, or ground for appeal. *Seely*, 317 Or at 484.

## B. *Other Considerations*

The department makes a number of arguments as to why the Regular Division of the court should not consider a magistrate's decision. The department first asserts that, because ORS 305.425 provides all proceedings in the Regular Division are *de novo*, this division may not "rely on a magistrate's decision's factual findings for its own rulings" and that "[t]he Tax Court Judge must make original and independent findings of any fact on which a Regular Division opinion turns." Those assertions are misplaced. A review of this court's order in *Patton I* reveals that the court made its own factual and legal findings and it did not rely on the findings of the magistrate. To the extent that the court considered the decision of the magistrate, it was merely as to what that decision stood for on its face: the arguments the magistrate indicated the parties presented and how the magistrate treated those arguments. This division did not, and will not, rely on the factual findings of the magistrate as to the substance of the decision; however, the written decision of the magistrate is itself a fact that will be considered on the question of attorney fees.

The department also asserts that the court, by stating that it will consider whether the nonappealing taxpayer received a reasoned decision from the magistrate, has placed

the party requesting the attorney fees—*i.e.*, the department—"in the uncomfortable position of contending that the magistrate's failure to find the case frivolous was unreasonable." The court never indicated, however, that the magistrate would or must make any finding as to frivolousness. Moreover, the department has confused the court's use of the term "reasoned" with the term "reasonable." In *Patton I* the court indicated that, at the time he filed his complaint in the Regular Division, taxpayer had before him "a reasoned decision" in which the magistrate "considered and rejected taxpayer's arguments." *Patton I*, 18 OTR at 128. Whether a document contains a "reasoned" opinion is something that a reader—*e.g.*, this court or a taxpayer's attorney—may take notice simply by reviewing that document itself; the reader is not required to go beyond what that document says on its face.

The court views a "reasoned" decision to be one with explanations. If a party lost before a magistrate but received little or no explanation, that fact—the lack of a reasoned decision—would be taken into account by the court. Moreover, a "reasoned" decision is not necessarily a completely "correct" decision. It may be important to know to what the party is reacting. For example, a taxpayer may not prevail on appeal but be found to have acted in an objectively reasonable manner because the magistrate was incorrect in part as to the law or application of law to the facts of the taxpayer's case—even though the taxpayer ultimately does not prevail in this division. The court concludes that the department's other arguments are without merit.[10]

---

[10] The department also asserted that this court's consideration of the presence and substance of a reasoned magistrate decision may somehow *encourage* specious appeals because taxpayers will have an incentive to hold back arguments, anticipating a future appeal. The department argues that this will reduce judicial efficiency and the efficacy of the magistrate division. The court understands the department's argument to logically assume that taxpayers will hold back marginal arguments; the court does not believe that the department logically envisions a situation in which taxpayers will "save" their best arguments for an appeal that would be unnecessary had they presented those same arguments to the magistrate. In a related case, this court has discussed this situation. *Dept. of Rev. v. Wheeler I*, 18 OTR 129 (2004). In *Wheeler*, this court discussed the award of attorney fees to a prevailing taxpayer. *Id.* at 137-40. Although such an award is determined under a different legal standard—ORS 20.075—the reasoning stated in that order as to the use of "makeweight" arguments is applicable under ORS 20.105. *See id.* at 139 n 11. If a taxpayer uses its best arguments in the Magistrate Division and

## C. *Attorney Fees*

Having concluded that, under the appropriate standard for awarding attorney fees under ORS 20.105, the court may consider the existence of the magistrate's decision in determining whether a taxpayer's claims were not objectively reasonable, the court next turns to that determination. Taxpayer does not challenge the standard that the court adopted in *Patton I*; rather, taxpayer challenges the application of that standard to his situation.

At oral argument, taxpayer essentially conceded that all but one of his positions lacked merit. Taxpayer's remaining and so-called "keystone" argument was "that the state cannot impose a county real property tax and a state level timber severance tax on the same timber [because] ORS 321.272(3) [2001], states that the severance tax is intended to recover the annualized [*sic*] value of <u>foregone</u> property taxes on forestland."[11] (Emphasis in original.) Taxpayer made that argument, however, in the face of clear statutory language to the contrary. The statutes specifically permit both property tax and severance tax to be imposed on timber and on the land on which it grows.

 Here taxpayer made no argument that the text and context of the operative statute at issue was ambiguous.[12] Nor did taxpayer argue that any statutory exemption existed for his situation in the actual operative language of the statutes. At most, taxpayer argued that a general statement of legislative intent in ORS 321.272 (2001) and some

---

adds "makeweight" arguments in an attempt to avoid an attorney fee award, that strategy will not succeed.

[11] ORS 321.272 was amended to remove ORS 321.272(3) by Oregon Laws 2003, chapter 621, section 5.

[12] In his responsive briefing to the department's motion for summary judgment taxpayer stated:

"This statute is not ambiguous. However, we respectfully ask the court's indulgence to consider with us the important legislative history of ORS 271.272(3) (2001), to demonstrate that the legislature intended exactly what the statute says: the Oregon Department of Revenue is not to pile tax on top of tax on top of tax for Oregon forestland owners."

From this statement it is unclear if taxpayer concedes that the text and context do not support his position, but he nonetheless asks the court to consider legislative history, or if he is merely stating that the statute is not ambiguous because it clearly, in his opinion, states what he asserts it to state.

language in the legislative history of the statute should be read as cancelling specific operative statutory provisions.[13] In an argument regarding the meaning of a statute, *PGE v. Bureau of Labor and Industries*, 317 Or 606, 859 P2d 1143 (1993), provides that the court may consider legislative history only if, after considering the text and context, the court determines that the statute is ambiguous on the point at issue. Under the *PGE* template,[14] it is unreasonable for an attorney to argue that general statements of intent or legislative statements of proponents of ideas govern over the actual operative language of the statutes, at least where no ambiguity in the language of the operative statutes is identified. The reason for that is obvious: to follow taxpayer's approach would open every case of statutory interpretation to discussions of intent and legislative history regardless of the clarity of the operative provisions. That approach would completely ignore *PGE*.

██ ██ Based on the foregoing and on the court's discussion in *Patton I*, the court concludes that taxpayer's claims were not objectively reasonable. As a result, the court must award attorney fees to the department under ORS 20.105. Consistent with its holding in *Patton I*, however, the department may not recover attorney fees it incurred for addressing issues raised *sua sponte* by the court. *Patton I*, 18 OTR at 127 n 26.

## D. *Damages*

██ The department asserts that in cases such as this in which the court has determined that a taxpayer's claims are not objectively reasonable, the court must award damages to the department pursuant to ORS 305.437, which provides:

---

[13] The statement of intent is in ORS 321.272(3) (2001), which provides, "The tax imposed by subsection (2) ["[f]or the privilege of harvesting timber from privately owned land in western Oregon a tax is imposed as provided in ORS 321.257 to 321.322."] of this section is intended to recover the annuitized value of forgone property taxes on forestland." Taxpayer wants to read that statement as including the word "totally" before "forgone property taxes." Not only is that word not present in the statement of intent, it is no where reflected in the operative statutes.

[14] The *PGE* template has been recently described appropriately as "well worn." *Mabon v. Wilson*, 198 Or App 340, 343, 108 P3d 598 (2005).

"(1) Whenever it appears to the Oregon Tax Court that * * * the taxpayer's position in such proceeding is frivolous or groundless, damages in an amount not to exceed $5,000 shall be awarded to the Department of Revenue by the Oregon Tax Court in its judgment. Damages so awarded shall be paid within 10 days after the judgment becomes final. * * *

"(2) As used in this section, a taxpayer's position is 'frivolous' if there was no objectively reasonable basis for asserting the position."

The department in argument acknowledged that the award, although required, could be of small amount. The court agrees with the department.[15] Here the court has determined that taxpayer's claims were without objectively reasonable bases and, therefore, were frivolous. As a result, the court awards the department damages in the amount of $500.

## IV. CONCLUSION

Based on the foregoing reasons, the court concludes that, under the appropriate standard for evaluating objective reasonableness for purposes of ORS 20.105, the court may consider the decision of the magistrate. The court also adheres to its conclusion in *Patton I* that taxpayer's claims, defenses, and grounds for appeal to this division were not objectively reasonable. As a result, the court awards attorney fees consistent with this order and that of *Patton I* and damages in the amount of $500 to the department. Now, therefore,

IT IS ORDERED that Plaintiff's Motion for Reconsideration is denied;

IT IS FURTHER ORDERED that Defendant's Motion for Reconsideration is granted in part and denied in part;

IT IS FURTHER ORDERED that the department is awarded attorney fees in accordance with this order and that of *Patton I*;

---

[15] Taxpayer contends that an award of damages is unfair because he was not on notice of the potential for an award of damages. Here, ORS 305.437 effectively provides that notice.

IT IS FURTHER ORDERED that the department is awarded damages in the amount of $500; and

IT IS FURTHER ORDERED that the conclusion of the previous order is amended to state the "taxpayer's timber harvested in 1999 was *not* subject to WOSTOT" and, otherwise, the court's previous order is adhered to in accordance with this order.

Costs to neither party.