IN THE OREGON TAX COURT
REGULAR DIVISION

Jesus A. YANEZ
and Judith D. Yanez,
*Plaintiffs,*

*v.*

WASHINGTON COUNTY ASSESSOR,
*and*

DEPARTMENT OF REVENUE,
*Defendants.*

(TC 4711)

Jesus Yanez argued the cause *pro se* for Plaintiffs (taxpayers).

Jacquilyn Saito-Moore, Assistant Washington County Counsel, Hillsboro, filed an Answer and argued the cause for Defendant (the county).

Rochelle Nedeau, Assistant Attorney General, Department of Justice, Salem, filed an Answer for Defendant (the department), but did not argue the cause.

Decision for Defendants rendered April 22, 2005.

**HENRY C. BREITHAUPT, Judge.**

## I. INTRODUCTION

This matter comes before the court for decision after trial. Jesus Yanez (Yanez) appeared *pro se* on behalf of Plaintiffs (taxpayers). Defendant Washington County Assessor (the county) was represented by counsel. Defendant Department of Revenue (the department) tendered its defense to the county and did not participate in this matter beyond the first case management conference.

## II. FACTS

In June 2002, taxpayers moved to Oregon and purchased a house in Beaverton for $184,900 (the property).[1] Yanez testified that he believed that taxpayers overpaid because of an emotional attachment to the property. Yanez also testified, however, that the property was subject to at

---

[1] Yanez testified that, of that amount, $3,000 went to cover closing costs and repairs.

least one competitive bid at the time they made their successful purchase offer.

As of January 1, 2003 (the measuring date), the county assessed the property's real market value (RMV) at $182,220. Taxpayers appealed that assessment to the Board of Property Tax Appeals (BOPTA), which ruled in favor of the county. Taxpayers appealed the BOPTA ruling to the Magistrate Division of this court and the magistrate also upheld the county's RMV valuation. Taxpayers appeal from the magistrate's decision.

Based on allegedly comparable sales data,[2] taxpayers assert that the RMV of the property should be reduced to $172,840 for the 2003-04 property tax year. At trial, taxpayers submitted into evidence property data selection menus for four area property sales that occurred between December 2003 and August 2004. Two of those items duplicated information that taxpayers previously had attached to their complaint as information that they had relied on in the Magistrate Division.

Azure Raff (Raff), an auditor for the county, concluded that, using a comparable sales approach, the property was valued at $194,000 on the measuring date. In arriving at that amount, Raff testified that she had considered all of the properties identified in taxpayers' evidence. Of the four properties that taxpayers submitted into evidence, Raff included only one in her sales comparison approach analysis. In addition, Raff used information from three property sales that she deemed more comparable than the properties that taxpayers identified. Despite testifying at trial that her ultimate conclusion of the property's RMV equaled $194,000, Raff stated that the RMV for the property should be $182,200, the amount listed on the property tax rolls.[3] Raff apparently arrived at that latter amount by using the cost approach.

---

[2] In their complaint and on at least one other occasion, taxpayers also implied that the county discriminates against out-of-area purchasers in assessing county properties. Taxpayers did not advance that position at trial. To the extent that such a position is in the nature of a tort claim against the county, this court would not have jurisdiction to adjudicate that claim. *See Sanok v. Grimes*, 294 Or 684, 697, 662 P2d 693 (1983).

[3] As noted, the magistrate also found the RMV for the property equaled $182,220. The county has not pleaded a different RMV but has asked this court to affirm the decision of the magistrate; therefore, this court may not find an RMV in

The parties agree that less than $50 in annual tax liability is at stake in this matter.[4] On that basis and because it believes that taxpayers have not met their burden of proof, the county requests that this court award damages to the department pursuant to ORS 305.437.[5] Neither the county nor the department has pleaded a claim for attorney fees in this matter.

## III. ISSUES

A. Should the court reduce the RMV of the property at issue in this matter from the value identified on the tax rolls for the 2003-04 property tax year?

B. Is an award of damages under ORS 305.437 required in this matter?

C. Is an award of attorney fees required in this matter?

## IV. ANALYSIS

A. *Property Value*

■    Taxpayers assert that the court should reduce the RMV of the property for the 2003-04 property tax year to $172,840. As the appealing party, taxpayers have the burden of proof. ORS 305.427. In support of their assertion of RMV, taxpayers offered evidence of four allegedly similar sales in the general area of the property that occurred approximately a year to a year and a half after the measuring date. On closer inspection, however, none of those sales supports taxpayers' asserted RMV.[6]

---

excess of that amount. *Chart Development Corp. v. Dept. of Rev.*, 16 OTR 9, 15 (2001).

[4] For the 2003-04 property tax year, the assessed value of the property equaled $141,760. Although the assessed value was below the RMV, the parties agree that their differing positions on RMV result in a difference in tax liability due to liabilities for specially approved assessments.

[5] All references to the Oregon Revised Statutes (ORS) are to the 2003 edition.

[6] Taxpayers' four assertedly comparable sales are summarized as follows:

Sale number one occurred on December 9, 2003. That property sold for $177,500. That property, however, was built in 1888 and was located on a busy road (taxpayers' house is located in a cul-de-sac).

■    Most damaging to taxpayers' case, however, was the testimony of Plaintiff Yanez, a person who claimed to have some experience with valuation of property. A well-established rule in property valuation cases is that "[a] recent sale of property is 'very persuasive' in determining the property's fair market value, if the sale was a voluntary, arm's-length transaction between a knowledgeable and willing buyer and seller." *Miller v. Dept. of Rev.*, 327 Or 129, 137, 958 P2d 833 (1998) (citing *Kem v. Dept. of Rev.*, 267 Or 111, 114, 514 P2d 1335 (1973)). Here Yanez testified that taxpayers had purchased the property in June 2002, approximately six months before the measuring date, for $184,900. Moreover, Yanez testified that taxpayers made that offer to overcome a competitive bid on the property. Based on this record, taxpayers have not offered any evidence from which this court could conclude that it should reduce the RMV of the property for the 2003-04 property tax year from the value set in taxpayers' purchase of the property.

B.   *Damages*

■    The county initially asserted that the court should award it damages pursuant to ORS 305.437, which provides, in part:

> "(1)   Whenever it appears to the Oregon Tax Court that * * * taxpayer's position * * * is frivolous or groundless, damages in an amount not to exceed $5,000 shall be awarded to the Department of Revenue by the Oregon Tax Court in its judgment. * * *"

At trial, the county conceded that ORS 305.437 provides that, on a proper showing, damages may be awarded only to the department. Furthermore, the county could not identify any other statutory provision under which it may claim damages.

---

Sale number two occurred on April 21, 2004. That property sold for $182,000. That property, however, was materially smaller (1,352 square feet v. 1,680 square feet) and was also located on a busy road.

Sale number three occurred on June 16, 2004. That property sold for $230,000. Raff included that property in her appraisal of the property at issue.

Sale number four occurred on August 16, 2004. That property sold for $156,696. Raff testified that the sale was not an arm's-length transaction. The resident of that property assigned his mortgage to his sister and thereafter remained on the property. Before the assignment the property was subject to liens and was headed toward foreclosure.

The court also cannot find such a basis and, therefore, concludes that it may not award damages to the county.

■ Although the department tendered its defense to the county in this matter, it remains a party to this matter and may receive an award pursuant to the statute. The court, therefore, must determine if taxpayers' position on appeal was frivolous or groundless. Under ORS 305.437(2), "taxpayer[s'] position is 'frivolous' if there was no objectively reasonable basis for asserting the position."

■ For the purposes of ORS 305.437, this court analyzes objective reasonableness under the same standard as that used under ORS 20.105. A position that lacks an objectively reasonable basis is one that is "entirely devoid of legal or factual support at the time it was made." *Patton I v. Dept. of Rev.*, 18 OTR 126 (2004) (internal quotations and citations omitted). The court makes that assessment at the time the complaint is filed and on an ongoing basis thereafter by considering "whether a reasonable [litigant] would know that each of the arguments on appeal is not well grounded in fact or is not warranted either by existing law or by a reasonable argument for the extension, modification, or reversal of existing law." *Patton II v. Dept. of Rev.*, 18 OTR 256 at 262 (2005) (internal citations omitted).

Here taxpayers submitted no evidence and have identified no laws that could displace the force of the sales price that they paid shortly before the assessment date. Further, the testimony of Yanez indicating that taxpayers outbid another prospective buyer of the property is inconsistent with taxpayers' argument that the price that they paid was not market value. Taxpayers' position, in the judgment of the court, is entirely devoid of legal or factual support and this court must award the damages to the department pursuant to ORS 305.437.[7] The court, therefore, awards the department damages in the amount of $200.

---

[7] Although not determinative in light of the additional evidence related to taxpayers' purchase of the property, the court also notes that taxpayers appear to have relied on essentially the same factual case as they had in the Magistrate Division. In a similar case the court has held that to do so may result in a finding of objective unreasonableness. *Patton II*, 18 OTR at 261. Here taxpayers received a reasoned decision from the magistrate that advised taxpayers of how to present comparable sales information. Although taxpayers attempted to submit evidence of two additional sales than they had in the Magistrate Division, the court, as noted above, has

## D. *Attorney Fees*

■      Neither the county nor the department pleaded a claim for attorney fees from taxpayers. Under ORS 20.105,[8] however, the court must award attorney fees to the prevailing party in situations in which the court finds that the non-prevailing party's claims, defenses, or ground for appeal are not objectively reasonable.[9] Having found that taxpayers' position was not objectively reasonable, the court must award attorney fees to the county in this matter. Such an award is equitable considering that the county could only appear in this proceeding through counsel and, in effect, was forced to defend against unreasonable claims by taxpayers.

## V.   CONCLUSION

Based on the foregoing reasons, the court concludes that taxpayers have not met their burden of proof necessary to establish that the RMV for the property should be reduced for the 2003-04 property tax year. Now, therefore,

IT IS THE DECISION OF THE COURT that the real market for the property at issue in this matter shall remain;

---

concluded that evidence to be mere "makeweight." *Id.* at 264-65 n 10. More important, however, is the fact that taxpayers had the county's appraisal, which included three comparable sales that were explained in the manner discussed in the decision of the magistrate. Despite having that information, taxpayers did not come to trial prepared to rebut that evidence and, instead, presented essentially the same case that had failed before the magistrate.

   [8] ORS 20.105(1) provides:

   "In any civil action, suit or other proceeding in * * * the Oregon Tax Court * * * the court shall award reasonable attorney fees to a party against whom a claim, defense or ground for appeal or review is asserted, if that party is a prevailing party in the proceeding and to be paid by the party asserting the claim, defense or ground, upon a finding by the court that * * * there was no objectively reasonable basis for asserting the claim, defense or ground for appeal."

   [9] In a recent case involving an application of ORS 305.490, this court indicated that a party might be required to plead a request for an award of attorney fees pursuant to ORS 20.105 in order to satisfy the requirements of TCR 68 C. *McKee v. Dept. of Rev.*, 18 OTR 58, 64-65 (2004). To the extent that an award of attorney fees is required under ORS 20.105, the rules of this court must yield to the controlling statute. In this respect the rules of the court are treated differently from the Oregon Rules of Civil Procedure, which, with statutory force, can compete with other statutory provisions. *See* ORCP 68 C(1). *See also* ORS 1.735; ORS 1.745.

IT IS ORDERED that the Department of Revenue is awarded damages; and

IT IS FURTHER ORDERED that the Washington County Assessor is awarded reasonable attorney fees.