ORDER GRANTING DEFENDANT'S PETITION FOR ATTORNEY FEES, COSTS, AND DISBURSEMENTS
This matter is before the court on the statement of Defendant (taxpayer) for an award of attorney fees pursuant to ORS 305.490(4) and ORS 20.105(1).[1], [2] Plaintiff Department of Revenue (department) has filed an objection to the request of taxpayer. The parties waived hearing on the petition.
A. ORS 20.105(1)
ORS 20.105(1) allows an award of fees to a prevailing party in cases where there is no objectively reasonable basis for a claim or defense. Taxpayer was the prevailing party in this proceeding. The court has indicated that among the factors it will consider in applying this statute are the history of the litigation in this court and whether a party that did not prevail in the Magistrate Division essentially relitigated a position in the Regular Division following a reasoned statement of the law by a magistrate.Patton v. Dept. of Revenue, 18 OTR 111, 127 (2004),modified on recons, 18 OTR 256 (2005). The court also considers the merit of the *Page 2 
position, whether a party appears to raise new matters in the Regular Division, or if a party made a reasonable argument for the extension, modification, or reversal of existing law.
In this case, the department essentially relitigated the same case in the Regular Division that it had litigated in the Magistrate Division. The department argues that it raised a new argument in the Regular Division based on a federal regulation. (See Ptf's Objection to Def's Statement for Att'y Fees, Costs, and Disbursements (hereinafter Ptf's Objection) at 2.) However, the department had invoked the federal statute which that regulation interprets in its case in the Magistrate Division and had failed to prevail. See Kelly v. Dept. of Rev., TC-MD No 070742C, WL 1991824 at *5 (2008). The arguments of the department in the Regular Division were an attempt to reverse the decision of the magistrate without material change in the theory of its position — a position that had not been successful at the Magistrate Division.
The court is of the opinion that the position of the department did not have an objectively reasonable basis in law. Of particular concern to the court is the fact that the department made an argument about the existence of a singular federal adjusted gross income for married couples filing joint returns that is inconsistent with several Oregon tax statutes bearing directly on the analysis of the effect of a joint return on the calculation of federal adjusted gross income. (Ptf's Mot for Summ J at 5-6; Ptf's Resp to Def's Cross-Mot for Summ J and Repl in Supp of Ptf's Mot for Summ J at 3-6); see also Dept. ofRev. v. Kelly, ___OTR___ (Apr 21, 2009) (slip op at 5, 10) (noting statutory language inconsistent with the argument of the department).
At the end of the day, there was essentially nothing in federal or Oregon law to support the position of the department. That is true both with respect to the calculation of federal adjusted gross income and the provisions of the senior property tax deferral statutes regarding application of income tests in the case of single applicants and joint applicants. *Page 3 
The court has considered the other factors set out in ORS 20.075 as well. A failure to award fees here would have the effect of deterring others from asserting good faith claims in similar cases. Other statutory factors are neutral.
B. ORS 305.490(4)
The department argues that the provisions of ORS 305.490(4) do not apply in a case involving senior property tax deferral. (Ptf's Objection at 4-5.) The department observes that while the statute authorizes awards in cases "`involving ad valorem property taxation, exemptions, special assessments, or omitted property,'" the statute does not address property tax deferral programs. (Id. at 4 (quoting ORS 305.490(4).) The department also argues that such deferral programs cannot be considered as simply part of the property tax regime for the reason that, if that were true, the words "exemptions, special assessments, or omitted property" would be redundant or not needed. (Id. at 4-5.)
ORS 305.490(4) was added to the statutes in the 2001 legislative session. Or Laws 2001, ch 287, § 1(4)(a). The court reviewed the minutes and proceedings of the legislative committees that considered the addition to ORS 305.490 to determine if the legislature intended that the bill apply only to a specific set of property tax cases, as the department argues, or whether the language in the statute was a general reference to property tax cases.
No discussions or hearing material indicate that the phrase "ad valorem property taxation, exemptions, special assessments or omitted property" added to ORS 305.490(4)(a) was meant to be read as a restrictive listing of particular types of cases, as opposed to being a general reference to property tax matters. The discussions in the committees focused on the issue of parity of property tax cases with income tax cases, where authority for fee awards already existed. See Tape Recording, Senate Committee on Judiciary, SB 130, Mar 7, 2001, Tape 55, Side A *Page 4 
(statement of Marilyn Odell, Legislative Counsel); see also
Tape Recording, House Committee on Judiciary, SB 130, May 7, 2001, Tape 52, Side A (statements of Rep Max Williams). The discussion also focused on the extent to which fee awards would balance the contest between taxpayers and the department and make the recently created Magistrate Division a more meaningful remedial forum for property taxpayers.See, e.g., Tape Recording, Senate Committee on Judiciary, SB 130, Mar 7, 2001, Tape 55, Side A (testimony of Larry Tapanen).
Given the legislative history of ORS 305.490(4), the court believes the proper reading of the language in question is to read "property taxation" as one subject in a listing that includes, out of caution about being complete, the related subjects of exemption, special assessment, and omitted property. Stated differently, the qualifier "ad valorem" should be read to qualify all the following matters listed in the statute. All indications are that the legislature was looking to provide for an award of attorney and other fees to taxpayers in property tax cases and would not have denied the possibility of such an award to the taxpayer in this matter.
The court considers the same factors under ORS 305.490(4) as it does in consideration of an award under ORS 20.105. Those are discussed above and support an award of fees in this matter. In addition, the court notes that the work of counsel for taxpayer has had the result of clarifying an important question regarding the application of a legislative relief program that may well benefit many taxpayers who would have been denied relief under the legislative program because many taxpayers would not be able to take the risks that taxpayer and her counsel took in this case.
C. Amount of Award
The department objects to the amount of time spent by counsel for the taxpayer. (Ptf's Objection at 9.) The court notes that counsel was not retained until after the department *Page 5 
appealed the decision of the magistrate. The primary objection appears to be to the amount of time spent on this matter by counsel for the taxpayer. (See id. at 9-10.) The court does not consider the amount of time spent by counsel to be unreasonable. At the same time, this was a case taken on a contingent basis, a factor that can be considered. ORS 20.075(h); (see also Def's Statement for Att'y Fees, Costs, and Disbursements at 8).
The court concludes that the fee requested is a reasonable fee. There is no objection to the costs and they are awarded in full.
Counsel for taxpayer is directed to prepare a form of supplemental judgment.
Now, therefore,
IT IS ORDERED that Defendant's Petition for Attorney Fees, Costs, and Disbursements is granted.
Dated this ___ day of April, 2010.
THIS DOCUMENT WAS SIGNED BY JUDGE HENRY C. BREITHAUPTON APRIL 2, 2010, AND FILED THE SAME DAY. THIS IS A PUBLISHEDDOCUMENT.
[1] The court treats the Statement for Attorney Fees, Costs, and Disbursements of taxpayer as a petition.
[2] Unless otherwise noted, all references to the Oregon Revised Statutes (ORS) are to the 2007 edition. *Page 1