ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S PETITION FOR ATTORNEYS FEES AND COSTS
This matter comes before the court on the statement of Defendant (taxpayer) for an award of fees pursuant to ORS 305.490.[1], [2]
Objections to the petition were filed by Plaintiff (county). A hearing was held on the matter January 19, 2010.
The county first objects that an award of fees under ORS 305.490, if made, is required to be paid only by the Department of Revenue (department). The county observes that the department is not a party to this case and therefore no award of fees can be made.
Consistent with the statutes governing the court, the department was served with the complaint in this matter and had the right to intervene at any stage of the proceedings. Indeed, although the department did not formally intervene, an attorney for the department observed the hearing on the merits of the controversy. Given these facts and this legal posture the court does not find the objection of the county to be well taken. Further, ORS 305.490 provides for an *Page 2 
award. It also obligates the department to pay any award. The statutory basis for this proceeding and the obligations created are a matter of statute.
Although taxpayer may have initially misstated the standards applicable to consideration of fee requests, the hearing was conducted in the context of the correct standards, both as to entitlement and amount of any award.
On entitlement of fees, the court has indicated it will consider the factors set out in ORS 20.075 and also consider whether the non-prevailing party took an unreasonable position, whether the prevailing party's efforts served to clarify the law and whether the non-prevailing party essentially relitigated, in the Regular Division, a position on which the Magistrate Division had ruled in a reasoned opinion. Patton I v. Dept. of Rev., 18 OTR 111 (2004), mod onrecons, 18 OTR 256 (2005); Dept. of Rev. v. Wheeler,18 OTR 129 (2004).
In this matter the court concludes that although many of the ORS 20.075 factors do not weigh in favor of, or against, a fee award, the county essentially relitigated positions on which, as discussed in a reasoned decision of the Magistrate Division, it had lost. The county has the right to appeal from a decision of the Magistrate Division. But in cases such as this, where it does so and again fails to prevail it is appropriate to relieve the taxpayer of the reasonable fees incurred in defending the appeal.
As to reasonableness, the county has made a number of objections. The first objection relates to expert witness fees. The position of the county is well taken. This matter was decided on grounds not requiring expert witness testimony. No expert fees are awarded.
The county asserts the fee statements show duplicative or repetitive work. The court, having reviewed the statements and heard testimony does not find this objection generally well taken, subject to specific concessions made by taxpayer. The court is of the view that the *Page 3 
appropriate disposition as to legal fees is that those incurred after the decision in the Magistrate Division should be granted.
Taxpayer made certain concessions relating to a number of time entries. Those should be given effect.
The parties are directed to confer on a form of supplemental judgment giving effect to the foregoing. Now, therefore,
IT IS ORDERED that Defendant's Petition for Attorneys Fees and Costs is granted in part and denied in part.
Dated this ___ day of June, 2010.
THIS DOCUMENT WAS SIGNED BY JUDGE HENRY C. BREITHAUPTON JUNE 15, 2010, AND FILED THE SAME DAY. THIS IS A PUBLISHEDDOCUMENT.
[1] The court treats the Statement of Attorney Fees and Cost Bill of taxpayer as a petition.
[2] Unless otherwise noted, all references to the Oregon Revised Statutes (ORS) are to the 2007 edition.