IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

A. JOHN OCHSNER IV and CATLAND,    )
    )
       Plaintiffs,    )    TC-MD 130400N
    )
    v.    )
    )
DEPARTMENT OF REVENUE,    )
State of Oregon,    )
    )
       Defendant.    )    **FINAL DECISION OF DISMISSAL**

The court entered its Decision of Dismissal in the above-entitled matter on November 27, 2013. The court did not receive a request for an award of costs and disbursements (TCR-MD 19) within 14 days after its Decision of Dismissal was entered. The court's Final Decision of Dismissal incorporates its Decision of Dismissal without change.

This matter is before the court on Defendant's Motion to Dismiss and Motion for Frivolous Appeal Penalties and Attorney's Fees (Motions), filed August 13, 2013. Plaintiffs filed their Response to Defendant's Motions on October 1, 2013. Defendant filed its Reply on November 5, 2013.

A.    *Plaintiffs' request for continuance*

As a preliminary matter, the court addresses Plaintiffs' motion for a continuance. (*See* Ptfs' Resp at 1.) Plaintiffs request "a continuance in this case until such time as case TC-MD 130407N has been adjudicated." (*Id.*) TC-MD No 130407N is an appeal by CatLand from its application for property tax exemption for the subject property for the 2013-14 tax year. The outcome of TC-MD 130407N will not affect the outcome of this appeal and the court finds no reason to delay ruling on Defendant's Motions pending the outcome of TC-MD 130407N. Plaintiffs' request for a continuance is denied.

B.       *Timeline of events and Plaintiffs' requested relief*

The court begins by reviewing the pertinent timeline of events. Defendant "issued *Hardship Determination No. 10-0161* on December 21, 2012. In [that] decision, [Defendant] denied petitioner's request for relief." (Ptfs' Compl at 3.) (Emphasis in original.) As Defendant noted in its Motions, Plaintiff A. John Ochsner (Ochsner) appealed the December 21, 2012, Hardship Determination to this court. *Ochsner v. Dept. of Rev.*, TC-MD No 130118N (July 12, 2013). That appeal was filed on March 22, 2013. *Id.* at 1. The court issued its Decision of Dismissal in TC-MD No 130118N on July 12, 2013.

Ochsner filed a request for reconsideration of Defendant's Hardship Determination with Defendant on February 27, 2013. (Ptf's Compl at 3.) Defendant issued its Conference Decision No 10-0161X denying Plaintiffs' request for reconsideration on March 27, 2013.[1] (*Id.*) Plaintiffs filed their Complaint challenging Defendant's Conference Decision No 10-0161X on June 25, 2013.[2] (*Id.*) Although the Conference Decision involved only the 2007-08 through 2010-11 tax years, Plaintiffs appeal the 2007-08 through 2013-14 tax years. (*Id.* at 1.) Plaintiffs request that the court "[g]rant property tax exemption to CatLand for tax years 2007-08 [through] 2013-14." (*Id.*) The property at issue is identified as Account 480483 (subject property). (*Id.*)

/ / /

/ / /

---

[1] In its Conference Decision No 10-0161X, Defendant stated that "a request for reconsideration * * * is allowed under OAR 150-306.115-(C) subsection (9)(b)." (Ptfs' Compl at 3.) OAR 150-306.115-(C)(9)(b) states that the Department of Revenue "may correct or amend a conference decision if a written request is received within 90 days of the date the conference decision was issued. The department will not amend a conference decision that has been appealed to the Tax Court." Under that rule, it appears that Defendant could not have amended its prior Hardship Determination because Ochsner had filed an appeal of the Hardship Determination to this court. Given that Ochsner filed his appeal to this court from Defendant's Hardship Determination after he filed his request for reconsideration, Defendant may not have been aware that an appeal had been filed with this court when it issued its Conference Decision denying Plaintiffs' request for reconsideration.

[2] ORS 305.418(1) (2011) states, in part, that a complaint is deemed filed "on the date shown by the post-office cancellation mark stamped upon the envelope containing it * * *."

C.    *Defendant's Motion to Dismiss*

Defendant moves for dismissal of this appeal, in part, because Ochsner's "appeal to the Magistrate Division of the court from [Defendant's] determination on his hardship request under ORS 307.475 was previously considered and dismissed by this court, and [P]laintiff is barred from relitigating that appeal."  (Def's Mot at 1.)

In TC-MD No 130118N, Ochsner appealed from Defendant's Conference Decision for the 2007-08 through 2010-11 tax years and requested that CatLand be granted property tax exemption for the 2007-08 though 2013-14 tax years.  TC-MD No 130118N at 1.  The court dismissed Ochsner's appeal for the 2007-08 through 2011-12 tax years because

> "Ochsner is not an incorporated institution and cannot, therefore, receive property tax exemption for the subject property under ORS 307.130.  To the extent Ochsner seeks property tax exemption for the subject property based on the activities of [CatLand], that claim was previously decided by this court for the 2007-08 through 2011-12 tax years and cannot be raised again in this appeal."

*Id.* at 10.  The court dismissed Ochsner's appeal for the 2012-13 tax year because it was not timely filed and dismissed his appeal for the 2013-14 tax year because he was not aggrieved under ORS 305.275(1)(a) for the 2013-14 tax year.  *Id.*  The decision in TC-MD No 130118N was not appealed to the Regular Division of this court.

Plaintiffs argue that "this case is not a re-litigation" because "Plaintiff CatLand was not a party to TC-MD 130118N."  (Ptfs' Resp at 1.)  In Plaintiffs' view, "TC-MD No 130118N was dismissed because CatLand was not a party."  (*Id.*)  Plaintiffs misunderstand the court's decision in TC-MD No 130118N.  Although Ochsner was the only named plaintiff in TC-MD No 130118N, the court concluded that, *even if* CatLand were a named plaintiff, the appeal would be

/ / /

/ / /

dismissed, either because the court lacked jurisdiction to consider CatLand's claim[3] or because CatLand's request for property tax exemption was barred under the doctrine of claim preclusion for the 2007-08 through 2011-12 tax years. *See* TC-MD No 130118N at 5. Moreover, CatLand was not a named party in Defendant's Conference Decision and, as Defendant correctly states, "[CatLand] cannot, as a factual matter, be aggrieved or affected by [Defendant's] decision to deny relief under ORS 307.475, either originally or on reconsideration." (Def's Mot at 3.)

With respect to the 2012-13 and 2013-14 tax year appeals, this court previously ruled in TC-MD No 130118N that those tax years were not properly before the court. TC-MD No 130118N at 6. Here, as in TC-MD No 130118N, Plaintiffs have not identified an "act, omission, order or determination" of Defendant's from which they appeal for the 2012-13 or 2013-14 tax years.[4] ORS 305.275(1)(a).[5] *See id.* Therefore, Plaintiffs are not aggrieved for the 2012-13 or 2013-14 tax years. ORS 305.275(1)(a).

Plaintiffs' appeal in this case raises no new issues than those considered in TC-MD No 130118N. As discussed above, the addition of CatLand as a named plaintiff does not cure the defects that required dismissal of Ochsner's appeal in TC-MD No 130118N. Defendant's Motion to Dismiss should be granted for the reasons set forth above and in the court's Decision of Dismissal in TC-MD No 130118N.

/ / /

/ / /

---

[3] In TC No 5155, the Regular Division of this court stated that the court lacks jurisdiction to consider a claim by CatLand for property tax exemption if CatLand was not obligated to pay the property tax imposed on the subject property for the tax years at issue.

[4] Plaintiff CatLand has filed a separate appeal for the 2013-14 tax year, TC-MD No 130407N, and a letter from the Yamhill County Assessor's office denying CatLand's exemption application has been provided.

[5] The court's references to the Oregon Revised Statutes (ORS) are to 2011.

D.      *Defendant's Motion for Frivolous Appeal Penalties and Attorney's Fees*

Defendant requests that the court award it a frivolous appeal penalty in the amount of $5,000 pursuant to ORS 305.437(1) and "its attorney fees incurred in defending this frivolous and groundless suit" pursuant to ORS 20.105(1).  (Def's Mot at 10.)

ORS 305.437 states, in part:

" (1) Whenever it appears to the Oregon Tax Court that proceedings before it have been instituted or maintained by a taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless, a penalty in an amount not to exceed $5,000 shall be awarded to the Department of Revenue by the Oregon Tax Court in its judgment. * * *.

"(2) As used in this section:

"(a) A taxpayer's position is 'frivolous' if there was no objectively reasonable basis for asserting the position."

"For the purposes of ORS 305.437, this court analyzes objective reasonableness under the same standard as that used under ORS 20.105."[6]  *Yanez v. Washington County Assessor* (*Yanez*), 18 OTR 276, 281 (2005).  To determine whether the basis for the claim was objectively reasonable, the court "assesses whether taxpayer's claims, defenses, or grounds for appeal were 'entirely devoid of legal or factual support at the time [they] were made.' " *Christenson v. Dept. of Rev.*, 18 OTR 269, 274 (2005) (citation omitted).  "The court makes that assessment at the time the complaint is filed and on an ongoing basis thereafter * * *." *Yanez*, 18 OTR at 281 (citation omitted).  In *Patton II v. Dept. of Rev.* (*Patton*), this court explained that, to apply the "entirely devoid of legal or factual support" standard the court inquires into "all the facts,

---

[6] ORS 20.105(1) states:

"In any civil action, suit or other proceeding in a circuit court or the Oregon Tax Court, or in any civil appeal to or review by the Court of Appeals or Supreme Court, the court shall award reasonable attorney fees to a party against whom a claim, defense or ground for appeal or review is asserted, if that party is a prevailing party in the proceeding and to be paid by the party asserting the claim, defense or ground, upon a finding by the court that * * * there was no objectively reasonable basis for asserting the claim, defense or ground for appeal."

circumstances, and law that a party * * * knew or reasonably should have known." 18 OTR 256, 261 (2005). The court determined that "[o]ne of those facts or circumstances at the time the appeal is filed in the Regular Division of this court is the decision of the magistrate and what it states on its face." *Id.* Furthermore, "[a] nonprevailing party may completely avoid an award of attorney fees if, throughout the proceedings, even one claim, defense, or ground for appeal is warranted either by existing law or by a reasonable argument for the extension, modification, or reversal of existing law." *Id.*, citing *Seely v. Hanson*, 317 Or 476, 484, 857 P2d 121 (1993).

The court's Decision of Dismissal in TC-MD 130118N would serve as one of the relevant "facts and circumstances" that Plaintiffs knew or reasonably should have known *if* Plaintiffs' Complaint had been filed after the court issued its decision of dismissal in TC-MD 130118N. However, that was not the case. As a result, the court concludes that Plaintiffs' appeal was not frivolous at the time Plaintiffs' Complaint was filed. Furthermore, there is a question whether Plaintiffs' appeal is *entirely* devoid of legal or factual support because Plaintiffs appeal from Defendant's March 27, 2013, Conference Decision and Plaintiffs have not previously appealed the March 27, 2013, Conference Decision. The Conference Decision issued March 27, 2013, is distinct from the Hardship Determination issued December 21, 2012, and may, therefore, provide a separate ground for appeal. The court concludes that Defendant's Motion for Frivolous Appeal Penalties and Attorney's Fees should be denied.

E.      *Conclusion*

After careful consideration, the court concludes that Plaintiffs' request for a continuance of this matter is denied. The court further concludes that Defendant's Motion to Dismiss should be granted for the reasons stated above and in the court's decision in TC-MD No 130118N. The

/ / /

court concludes that Plaintiffs' appeal is not frivolous under ORS 305.437 and ORS 20.105 and denies Defendant's Motion for Frivolous Appeal Penalties and Attorney's Fees. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiffs' request for a continuance of this matter is denied.

IT IS FURTHER DECIDED that Defendant's Motion to Dismiss is granted.

IT IS FURTHER DECIDED that Defendant's Motion for Frivolous Appeal Penalties and Attorney's Fees is denied.

Dated this ____ day of December 2013.

ALLISON R. BOOMER
MAGISTRATE

*If you want to appeal this Final Decision of Dismissal, file a Complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within <u>60</u> days after the date of the Final Decision of Dismissal or this Final Decision of Dismissal cannot be changed.*

*This document was signed by Magistrate Allison R. Boomer on December 16, 2013. The court filed and entered this document on December 16, 2013.*