IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

CATLAND,                                    )
                                            )
                  Plaintiff,                )   TC-MD 130407N
                                            )
         v.                                 )
                                            )
YAMHILL COUNTY ASSESSOR,                    )
                                            )
                  Defendant                 )
                                            )
         and                                )
                                            )
DEPARTMENT OF REVENUE,                      )
State of Oregon,                            )
                                            )
                  Defendant-Intervenor.     )   **FINAL DECISION OF DISMISSAL**

On April 8, 2014, the court entered its Decision of Dismissal in the above-entitled matter.

Defendant-Intervenor filed a Motion for Frivolous Appeal Penalties and Attorney Fees and

Statement of Attorney Fees (Motion) on April 22, 2014. As of the date of this Final Decision of

Dismissal, Plaintiff has not filed a response to Defendant-Intervenor's Motion. The court's Final

Decision of Dismissal incorporates its Decision of Dismissal without change and includes the

court's analysis and determination of Defendant-Intervenor's Motion in section II.

## I. DECISION OF DISMISSAL

This matter is before the court on Defendants' motion to dismiss, filed March 27, 2014,

requesting that this matter be dismissed because Plaintiff failed to comply with the court's

inspection order. (Def-Inv's Ltr at 1, Mar 27, 2014.) Plaintiff filed his response to Defendants'

motion to dismiss on April 7, 2014.

On March 12, 2014, the court issued an Order granting Defendants' request for a site

inspection. The court ordered Plaintiff to arrange with Defendants a site inspection of the

property at issue to occur no later than March 26, 2014. The court warned that Plaintiff's appeal might be dismissed for failure to comply with the court's Order. Plaintiff requested reconsideration of the court's March 12, 2014, inspection Order. On March 25, 2014, the court issued an Order denying Plaintiff's request for reconsideration and reiterating that Plaintiff was required to arrange a site inspection of the property at issue to occur no later than March 26, 2014. The court again warned that Plaintiff's appeal might be dismissed for failure to comply with the court's Order.

On March 27, 2014, Defendant-Intervenor filed a letter with the court stating that Plaintiff failed to comply with the court's Orders issued March 12, 2014, and March 25, 2014, because he failed to arrange a site inspection of the property at issue. (Def-Inv's Ltr at 1, Mar 27, 2014.) Defendant-Intervenor stated that the only communication received from Plaintiff's authorized representative was a telephone call at 4:47 p.m. on March 26, 2014, inquiring whether Defendants would object to postponement of trial in this matter. (*Id.*)

Plaintiff filed his response to Defendants' motion to dismiss on April 7, 2014, stating that a medical condition prevented him from conducting a site inspection as ordered by the court. Plaintiff provided no evidence related to his medical condition and failed to explain how his medical condition prevented him from complying with the court's Orders.[1] The court finds that Plaintiff failed to identify extraordinary circumstance for his failure to comply with the court's Orders issued March 12, 2014, and March 25, 2014. Under those circumstances, the court concludes that Defendants' motion to dismiss should be granted.

/ / /

---

[1] In his response, Plaintiff stated that his medical condition "precluded the possibility of conducting said inspection *on the date ordered*[.]" (Ptf's Resp at 1.) (Emphasis added.) However, Plaintiff had 14 days from the date of the court's inspection order, issued March 12, 2014, to arrange a site inspection of the property at issue.

## II. MOTION FOR FRIVOLOUS APPEAL PENALTIES AND ATTORNEY FEES

In its Motion, Defendant-Intervenor "reasserts [its] motion requesting that the court award frivolous appeal penalties and [Defendant-Intervenor's] reasonable attorney fees." (Def-Inv's Mot at 1.) Defendant-Intervenor relies on ORS 305.437(1) to support its request for frivolous appeal penalties and on ORS 20.105(1) to support its request for attorney fees. In the alternative, Defendant-Intervenor seeks an award of attorney fees under Tax Court Rule (TCR) 46 for its attorney fees incurred in obtaining an order compelling discovery. (*Id.* at 10-11.)

A.    *Frivolous Appeal Penalties Under ORS 305.437 and Attorney Fees Under ORS 20.105*

This court previously denied Defendant-Intervenor's requests for frivolous appeal penalties and attorney fees in its Order issued November 27, 2013. In that Order, the court concluded that Plaintiff's Complaint complied with the requirements of TCR-MD 1 B and that it asserted a legally cognizable claim that property identified as Account 480483 (subject property) was entitled to property tax exemption under ORS 307.130 for the 2013-14 tax year. (Order at 3, Nov 27, 2013.) The court further concluded that Plaintiff's claim was not barred by issue preclusion because, although "[t]his court has issued decisions finding that the subject property does not qualify for property tax exemption for the 2004-05 through 2011-12 tax years[,] * * * the court has never determined whether the subject property qualifies for property tax exemption for the 2013-14 tax year." (Order at 4, Nov 27, 2013.) The court noted that "each tax year stands alone" and "[t]o determine whether the subject property qualifies for property tax exemption for the 2013-14 tax year, the court must making findings of fact for the 2013-14 tax year." (*Id.* at 4-5) (citations omitted).

In its November 27, 2013, Order, the court denied Defendant-Intervenor's request for frivolous appeal penalties under ORS 305.437(1) and attorney fees under ORS 20.105(1) based

on its conclusion that Plaintiff's Complaint complied with TCR-MD 1 B and presented a legally cognizable claim that was not barred by issue preclusion. Defendant-Intervenor now seeks frivolous appeal penalties and attorney fees, making similar arguments to those presented in its earlier motion to dismiss for failure to state a claim or issue preclusion. (*See generally* Def-Inv's Mot at 2-7.) Under ORS 305.437(2)(a),[2] "a taxpayer's position is 'frivolous' if there was no objectively reasonable basis for asserting the position." Defendant-Intervenor correctly notes,

> "[t]o determine whether the basis for the claim was objectively reasonable, the court 'assesses whether taxpayer's claims, defenses, or grounds for appeal were 'entirely devoid of legal or factual support at the time [they] were made.' *Christenson v. Dept. of Rev.*, 18 OTR 269, 274 (2005). 'The court makes that assessment at the time the complaint is filed and on an ongoing basis thereafter * * *.' *Yanez v. Washington County Assessor*, 18 OTR 276, 281 (2005)."

(Def-Inv's Mot at 4-5, citing *Ochsner v. Department of Revenue*, TC-MD No 130400N, WL 6631320 at *3 (Dec 16, 2013).)

The court previously concluded that Plaintiff presented a legally cognizable claim that the subject property qualifies for property tax exemption under ORS 307.130 for the 2013-14 tax year. Thus, Plaintiff's claim is not "entirely devoid" of legal support. Because the court dismissed Plaintiff's appeal for failure to comply with the court's site inspection order, trial was not held in this matter and the court did not make findings of fact for the 2013-14 tax year. Thus, the court has no basis to conclude that Plaintiff's claim was "entirely devoid" of factual support and, therefore, frivolous. As a result, Defendant-Intervenor's Motion for Frivolous Appeal Penalties and Attorney Fees is denied.

B.      *Attorney Fees Under TCR 46*

Defendant-Intervenor requests, in the alternative, that the court award it attorney fees under TCR 46 for its attorney fees incurred in obtaining an order compelling discovery in this

---

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2013.

case. (Def-Inv's Mot at 10.) TCR 46 B(2)(c) states, in pertinent part, "[i]f a party fails to obey an order to provide or permit discovery * * * the court may make such orders in regard to the failure as are just, including among others, * * * [a]n order * * * dismissing the action or any part thereof * * *." TCR 46 B(3) states,

> "In lieu of any order listed in subsection (2) of this section or in addition thereto, the court shall require the party failing to obey the order or the attorney advising such party or both to pay the reasonable expenses, including attorney fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust."

Under TCR 46 B(3), the court "shall" require such payment of reasonable expenses, including attorney fees, unless the award would be unjust. An award of attorney fees may be made either in lieu of or in addition to the other sanctions listed in TCR 46 B(2), including dismissal.

However, a magistrate must issue an order adopting TCR 36 through TCR 46 before applying the Regular Division discovery sanctions under TCR 46. "TCR 36 through TCR 46 shall apply *only* when the magistrate so orders." TCR-MD 11 (emphasis added). Although the Preface of the Magistrate Division rules states that "rules of the Regular Division of the Tax Court may be used as a guide to the extent relevant[,]" that statement only applies where "circumstances arise that are not covered by a Magistrate Division rule[.]" The application of TCR 46 by magistrates is explicitly restricted by the word "only" in TCR-MD 11.

Defendants did not request that the court adopt TCR 36 through 46 in their Discovery Request for Entry on Land for Inspection, filed February 27, 2014. The court granted Defendants' Discovery Request for Entry on Land for Inspection pursuant to its authority under TCR-MD 11. Because Defendants did not request that the court adopt TCR 36 through 46, the court's Order did not make TCR 36 through 46 applicable in this case. (Order at 1, Mar 12, 2014.) The court dismissed Plaintiff's appeal for failure to comply with its inspection order.

Although the court did not previously identify the rule supporting dismissal, the court notes that

TCR-MD 21 authorizes the court to

> "enforce any decision, *order*, judgment, or other statement directing a party to perform a specific act by imposing sanctions on the party refusing or neglecting to comply.  Sanctions may include, but are not limited to, *dismissal of the case* and may include sanctions for contempt as authorized by statute."

(Emphasis added.)  Because the court has not, in this case, issued an order adopting TCR 36

through 46, the court has no authority to award attorney fees pursuant to TCR 46.  Defendant-

Intervenor's request for attorney fees under TCR 46 must be denied.  Now, therefore,

IT IS THE DECISION OF THIS COURT that this matter is dismissed.

IT IS FURTHER DECIDED that Defendant-Intervenor's Motion for Frivolous Appeal

Penalties and Attorney Fees is denied.

IT IS FURTHER DECIDED that Defendant-Intervenor's request, in the alternative, for

attorney fees under TCR 46 is denied.

Dated this ____ day of May 2014.


ALLISON R. BOOMER
MAGISTRATE

*If you want to appeal this Final Decision of Dismissal, file a Complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within <u>60</u> days after the date of the Final Decision of Dismissal or this Final Decision of Dismissal cannot be changed.*

*This Final Decision of Dismissal was signed by Magistrate Allison R. Boomer on May 8, 2014.  The Court filed and entered this Final Decision of Dismissal on May 8, 2014.*